## SMALL *v.* STATE

[No. 28,349.   Filed March 5, 1948.]

*Frank E. Martindale,* of Plymouth, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General and *Merl M. Wall,* Deputy Attorney General, *Harold Maloy,* Prosecuting Attorney for 16th Judicial District and *Wm. N. Lienberger,* Prosecuting Attorney of 9th Judicial District, for the State.

O'MALLEY, J.—The appellant was charged by affidavit with failing to provide his minor son with the necessities of life in violation of § 10-1402, Burns' 1933.

The record discloses that the minor was born in 1934 to the prosecuting witness who was then unmarried; that the appellant was charged with being the father of the child in a proper proceeding prior to the birth of the child; that the appellant admitted the charge to be true but for some reason not disclosed the bastardy proceedings was dismissed; that some months after the dismissal of that proceeding the mother and the appellant were married and commenced to live together as husband and wife; and that the appellant again admitted his parentage of the minor child and assisted in securing a birth certificate for said child.

The record likewise discloses the commencement of a divorce proceeding and of a final divorce being granted to the mother; that in the finding and judgment of the divorce proceeding the minor was declared to be a

child of the marriage, and the custody and control was awarded to the mother, while the appellant was ordered to pay $10.00 per week for the support of the child.

On appeal it is claimed that the evidence was insufficient to sustain the verdict. The basis of the claim is that since the child was born out of wedlock it was illegitimate and therefore a charge of failure to provide would not lie; that the putative father was liable only for such sums as might be fixed in a proceeding to test the question of parentage and since the bastardy action had been dismissed and the statute of limitations had run, there could be no conviction for failure to provide, because there was no duty to provide for the child.

There was evidence of the marriage of the appellant and the mother of the child. There also was evidence that he acknowledged the child to be his child. It is the law that where a marriage takes place between a man and a woman, who, at the time was the mother of a child born out of wedlock, and the man at that time or thereafter acknowledges the child as his own, the child thereby becomes legitimate regardless of whether or not the acknowledging father was in fact the father. *Binns* v. *Dazey* (1897), 147 Ind. 536, 44 N. E. 644; § 6-2310, Burns' 1933. Furthermore, the finding and judgment of the divorce proceeding were introduced in evidence without objection. In that action the legal parentage was determined, and when given in evidence it had probative value. From that evidence the jury could have determined that the appellant was the legal father if not the actual father of the child. While the evidence is not voluminous it is sufficient to sustain the verdict.

Instruction number six offered by the appellant was refused by the court. This instruction sets out the

birth out of wedlock, the bastardy proceeding and its dismissal before judgment, the divorce proceeding, and the judgment entered therein. It then avers that the divorce judgment was of no force or effect in fixing parenthood and that if no other legal proceeding was instituted to fix the parentage of the child the jury should acquit the appellant. The oral evidence of the marriage and the acknowledgment of parenthood unaided by the force and effect of the judgment of divorce, wherein the appellant was found to be the legal parent of the child, constituted a basis from which the jury could have found against the appellant on the issue of parentage. Certainly that evidence obviated the necessity of any other proceeding to fix the status of the child with reference to the appellant. The instruction did not state the law, and the court did not err in its refusal.

Complaint is made that the court committed error in giving instruction number three tendered by the State. The instruction is as follows:

"I instruct you that if you find from the evidence that the defendant, Marty Small, was able by having means or having personal services by labor or earnings to provide said child, Marty Gene Small, with necessary and proper home, care, food and clothing and that such failure was willful and that he and not the mother was charged by law with the maintenance of said child, and if the State of Indiana has shown this beyond a reasonable doubt, then you should find the defendant guilty."

The objection to this instruction hinged upon the claim that it would permit a conviction without proof of legal parentage. The objection contained no specification complaining of the mandatory character of the instruction.

The instruction is not happily worded, but the gov-

erning statute was set out in the first instruction given by the court on its own motion, and by that instruction the jury was informed that the charge would lie against a father or mother who neglected to support his or her children. The charge can only be made against one of the legal parents under that statute and we feel that the jury was informed of that fact by the instructions given. While instruction number three could have been worded in such a way that no question would have arisen, yet when we analyze it, we notice that before the jury could find appellant guilty they had to find that the appellant was charged by law with the maintenance of the child. By law, there could be no liability against him unless and until he was shown to be the legal father of the child. The instruction did require proof of legal parenthood of the minor as a prerequisite to conviction.

Instructions that are incomplete or obscure may be aided by other instructions if there are no contradictions or inconsistencies. *Heyl* v. *The State* (1887), 109 Ind. 589, 10 N. E. 916. The instruction merely stated the *quantum* of proof in a cumbersome and round about way.

The appellant complains of the fact that instruction number three does not include "venue" as one of the elements of the crime charged. It is true venue is not mentioned in the instruction, but it need not be mentioned as one of the elements of the crime. Venue relates to jurisdiction, and a crime has the same elements regardless of the "place where" it must be tried. *Hengstler* v. *State* (1934), 207 Ind. 28, 31, 189 N. E. 623, 625.

Finding no reversible error in the record, the judgment is affirmed.

Note.—Reported in 77 N.E. 2d 578.