Dale Allen GIPSON, Appellant–
Respondent,

v.

Brenda Kay GIPSON, Appellee–
Petitioner.

No. 79A02–9310–CV–569 [1].

Court of Appeals of Indiana,
First District.

March 8, 1994.

Phillip R. Smith, Helmerick, Smith & Fountain, Lafayette, for appellant-respondent.

Ann G. Davis, Holder and Davis, Lafayette, for appellee-petitioner.

BAKER, Judge.

Public policy generally disfavors a child support order against a person who is not the child's parent. Nonetheless, a man should not be relieved from his child support obligations where he voluntarily assumes the legal duties of a father, acknowledges a child to be his own with full knowledge that he is not the biological father, and does not timely appeal a dissolution decree finding his paternity.

### FACTS

In late 1977, Dale Gipson began dating Brenda who was pregnant by another man. Brenda gave birth to Dusten on April 3, 1978, and Dale insisted that the boy have his surname even though Dale knew that he was not Dusten's biological father. Dusten's birth certificate reflected that Dale and Brenda were his parents. Three years later, Dale and Brenda married. In 1983, the Gipsons' marriage was dissolved. Brenda offered Dale the chance to avoid child support by not claiming paternity of Dusten. Dale refused and insisted that Dusten be considered his child and keep Gipson as his last name. The 1983 dissolution decree recog-

---

**1.** This case was diverted to this office on Febru-      ary 1, 1994, by direction of the Chief Judge.

nized Dusten as a child of the Gipsons' marriage.

In 1986, Dale and Brenda remarried only to divorce again in November 1986. Brenda again offered to allow Dale to relinquish responsibility of Dusten. He declined and the 1986 dissolution decree named Dusten as a child of the marriage. Following both dissolutions, Dale maintained his paternal relationship with Dusten and paid child support.

In 1989, Dusten learned of his biological father and began visiting him once a year. Dale fell in arrears for support and in 1992, Brenda legally pursued Dale for nonsupport, which resulted in a May 26, 1992 agreed order establishing an arrearage of $10,755.

On December 18, 1992, Dale filed a motion for physical examination and a motion for relief from the 1986 judgment in order to terminate child support payments and his responsibility for Dusten since he was not Dusten's biological father. After a hearing, the trial court denied Dale's motions, finding that Dale had known before Dusten was born that he was not his father, but publicly represented himself as such. The trial court concluded that Dale voluntarily affirmed his paternity of Dusten and was thereby estopped from challenging it.

### DISCUSSION AND DECISION

■ Dale seeks relief from his child support payments under Ind. Trial Rule 60(B)(8). T.R. 60(B)(8) provides that a trial court may relieve a party from a final order for any reason justifying relief, excluding those in subsections (1)–(4). A T.R. 60(B)(8) motion must be filed within a reasonable time after judgment. *Fairrow v. Fairrow* (1990), Ind., 559 N.E.2d 597, 599. The movant bears the burden of demonstrating that relief is necessary and just. *Id.* We will reverse a denial of a T.R. 60(B)(8) only for an abuse of discretion. *See id.*

■ The trial court *sua sponte* entered special findings of fact and conclusions of law. Accordingly, the specific findings control only as to the issues they cover, and the general judgment controls as to the issues upon which the court did not find. *Vanderburgh County v. Rittenhouse* (1991), Ind.

App., 575 N.E.2d 663, 666, *trans. denied.* When reviewing a trial court's findings of fact and conclusions of law, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* at 665. We do not reweigh the evidence or judge witness credibility, and we will not set aside the specific findings unless they are clearly erroneous. *Id.* We will reverse the trial court only if there is a total lack of supporting evidence or the evidence is undisputed and leads solely to a conclusion contrary to the trial court's. *Id.*

The trial court found that Dale voluntarily affirmed his paternity of Dusten on the birth certificate and in two dissolution actions knowing that he was not Dusten's biological father since his birth. The court concluded that the dissolution findings were binding on the parties and that Dale was estopped from denying legal paternity.

■ Dale first contends that the trial court erroneously denied his T.R. 60(B)(8) motion for failure to file within a reasonable period of time. The judgment does not explicitly find that Dale's motion was untimely, but does note that his motion was filed more than six years after the second dissolution decree was entered. Assuming one of the reasons the motion was denied was that it was not filed within a reasonable time, we find the trial court did not abuse its discretion.

In *Toller v. Toller* (1978), 176 Ind.App. 322, 375 N.E.2d 263, Toller married a woman shortly after the birth of her child. When they divorced, the father did not contest paternity and was ordered to pay child support. Two years later he filed a T.R. 60(B)(8) motion, claiming the evidence was insufficient to support the finding the child was an issue of the marriage. The appellate court declared that Toller's motion was not filed within a reasonable time, and he waived any error by failing to file a timely motion to correct errors under Ind. Trial Rule 59. *Id.* 375 N.E.2d at 265.

Similarly, Dale's motion was not filed within a reasonable time. Dale has always known that Dusten was not his child, but did

not contest paternity or appeal the support orders in the dissolution decrees. Dale improperly attempts to bring his T.R. 60(B) motion as a substitute for a direct appeal, which must be denied. *See Fairrow,* at 598 (motion for relief from judgment is not substitute for direct appeal). Unlike *Fairrow,* where a T.R. 60(B)(8) motion was granted because the father did not discover that the child was not his own until 11 years after the child support order, Dale had such knowledge.

■ Dale next contends that the court erroneously found that his name as Dusten's father on the birth certificate establishes paternity. Dale mischaracterizes the court's finding. The court found that Dale's action of signing his name as Dusten's father on the birth certificate was a voluntary assumption of paternity. The trial court's finding is not clearly erroneous.

■ Dale also attacks the court's finding that the two dissolution decrees created legal paternity. The trial court correctly applied Indiana law, citing *W.R. v. H.I.* (1992), Ind., 602 N.E.2d 1014, which stated that a finding in a dissolution decree that a child was a child of the marriage is binding on the parties to the dissolution. *Id.* at 1017. This principle has long been recognized in Indiana. *See Small v. State* (1948), 226 Ind. 38, 77 N.E.2d 578. Our supreme court held in *Small* that if a woman with an illegitimate child marries a man who later acknowledges the child to be his own, the child becomes legitimate regardless of whether or not the father was in fact the father.[2] *Id.* at 40, 77 N.E.2d at 579. Small admitted his parentage of the child and assisted in securing a birth certificate. During the divorce proceedings, Small did not object to evidence that he was the child's father. The divorce decree constituted a legal determination of his parentage, and such evidence could be used to find that Small was the legal father, if not the actual father, and had violated his duty to pay child

support. *Id.* Likewise, Dale is deemed Dusten's legal father by virtue of the two dissolution decrees.

Dale relies upon *R.D.S. v. S.L.S.* (1980), Ind.App., 402 N.E.2d 30, which we find distinguishable from the present case because it involved a direct appeal of the dissolution decree finding the child was born of the marriage.[3] Had Dale contested the dissolution decrees by direct appeal, he could have benefitted by the holding in *R.D.S.* He cannot now collaterally attack those judgments. *See State ex rel. Hight v. Marion Superior Court* (1989), Ind., 547 N.E.2d 267, 269–70 (upheld child support order based on husband's acknowledgement of child whom he did not father where appeal attacked subject matter jurisdiction, noting that support order would have been subject to appeal as exceeding statutory authority since child was not child of both parties, but issue was not challenged).

The trial court found that Dale's motion was untimely and that he was bound by the dissolution decrees finding legal paternity. In light of these two legitimate bases for denial of Dale's motion, we do not address Dale's final argument regarding estoppel. Dale has not shown relief from child support is just and necessary.

Judgment affirmed.

ROBERTSON and MILLER, JJ., concur.

---

2. For persuasiveness in its decision, *Small* referred to a probate statute which has since been repealed. Nonetheless, the holding in *Small* remains valid precedent. *See Miller v. Miller* (1967), 142 Ind.App. 90, 231 N.E.2d 828.

3. *R.D.S.* refused to apply *Small* primarily because legal parentage had been previously determined in a dissolution decree in *Small,* whereas *R.D.S.* was a direct appeal of a dissolution decree finding paternity. Since the procedural posture of Dale's case is similar to *Small,* we find *R.D.S.* is inapposite.