**Dale Allen GIPSON, Appellant,**

v.

**Brenda Kay GIPSON, Appellee.**

No. 79S02–9412–CV–1286.

Supreme Court of Indiana.

Dec. 30, 1994.

Phillip R. Smith, Helmerick Smith & Fountain, Lafayette, for appellant.

Ann G. Davis, Holder & Davis, Lafayette, for appellee.

SHEPARD, Chief Justice.

In this case, a husband married while knowing his bride has recently born a child by another man. Nevertheless, the husband took the child as his own and reasserted parenthood over many years. Almost fifteen years later, he changed his mind and asked the courts to relieve him of any responsibility. He is too late.

### I. Summary of Facts

The facts most favorable to the judgment reveal that Brenda and Dale Gipson began a romantic relationship in 1977. At that time, Brenda was pregnant by another man. Dale was aware of her pregnancy and knew he was not the biological father of the child. On April 3, 1978, Brenda gave birth to a baby boy. With Dale's consent, he was later added to the birth certificate as the father of the child.

The couple was married in 1981, but divorced in 1983. The divorce decree listed the child as a child of the marriage. Brenda offered Dale the chance to disclaim parenthood at this point but he refused, insisting that the child be declared his child. In 1986, Dale and Brenda were remarried and divorced for a second time. At Dale's request, the divorce decree again recited that the boy was a child of the marriage.

Dale sought to terminate his paternal relationship and obligations in 1992 by filing a motion for relief from judgment under Ind.Trial Rule 60(B)(8).[1] Dale alleged he was entitled to relief because he was not the biological father of the child. In 1993, the trial court held that Dale was estopped from denying his paternity and denied his motion.

The Court of Appeals affirmed the decision of the trial court on the grounds that Dale's motion was untimely and the dissolution decrees established legal paternity. *Gipson v. Gipson* (1994), Ind.App., 629 N.E.2d 952. Dale now petitions this Court for transfer.

Dale raises several issues in his appeal. Because we conclude that his T.R. 60(B)(8) motion for relief from judgment was untimely, the other issues are moot.

## II. Did the Trial Court Err in Denying Dale's T.R. 60(B)(8) Motion?

Dale alleges the trial court erred in finding his Trial Rule 60(B)(8) motion was time-barred; he asserts it was filed within a reasonable period of time. We disagree.

When a Trial Rule 60(B)(8) motion is filed, the burden is on the movant to demonstrate that relief is both necessary and just. *Fairrow v. Fairrow* (1990), Ind., 559 N.E.2d 597. The decision of whether to grant or deny the motion is left to the equitable discretion of the trial court, and is reviewable only for abuse of discretion. *See Shotwell v. Cliff Hagan Ribeye Franchise* (1991), Ind., 572 N.E.2d 487. We will not reweigh the evidence in conducting this review. *Id.*

Trial Rule 60(B)(8) provides for relief from judgment for any reason other than those set forth in Rules 60(B)(1) (mistake, surprise, or excusable neglect), 60(B)(2) (any grounds that could be raised on motion to correct error), 60(B)(3) (fraud), or 60(B)(4) (default without proper notice).[2] Any claim filed under T.R. 60(B)(8) must be filed within

a reasonable period of time after the judgment is entered. *Fairrow*, 559 N.E.2d at 599. The determination of what constitutes reasonableness, however, varies with the circumstances of each case. *See, e.g., Graham v. Schreifer* (1984), Ind.App., 467 N.E.2d 800. Relevant to the question of timeliness is prejudice to the party opposing the motion and the basis for the moving party's delay. *In re Whitney–Forbes, Inc.* (7th Cir.1985), 770 F.2d 692, 697–98.

Dale filed his motion for relief in 1992, nine years after the trial court entered its first dissolution decree and six years after the second decree. He did not contest paternity during the dissolutions and chose not to appeal either support order. The Court of Appeals correctly found that Dale brought his T.R. 60(B)(8) motion as a substitute for a direct appeal, which we will not permit. *Gipson*, 629 N.E.2d at 954; *see also Fairrow*, 559 N.E.2d at 598. Because Dale failed to demonstrate the extraordinary circumstances required by subdivision (8), we conclude that the trial court's denial of relief was appropriate.

## III. Conclusion

We grant transfer and summarily affirm the opinion of the Court of Appeals. Ind.Appellate Rule 11(B)(3). The judgment of the trial court is affirmed.

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.

---

1. Although Dale did not specify upon which section of T.R. 60(B) he was relying in his original motion, on appeal he argued he was entitled to relief under T.R. 60(B)(8).

2. T.R. 60(b)(8) provides:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order or final judgment ... for ... any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3) and (4).