In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00361-CV
____________

IN THE INTEREST OF CAREY GLASS, KENNETH GLASS, AND PENNY
GLASS




On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 99-55555




O P I N I O N
          This is an appeal from a cumulative money judgment for child-support
arrearages in the amount of $276,450.85 entered against, Roger K. Glass, appellant,
in favor of Pat I. Williamson, appellee.


 In three points of error, appellant contends
that the trial court erred because (1) it did not issue findings of fact and conclusions
of law, (2) it enforced a decree that was ambiguous, and (3) it awarded child support
in the amount of $43 per week per child. We reverse and render judgment that
appellee take nothing.
Background
          On April 7, 1980, a final decree of divorce was entered in Wayne County,
Michigan dissolving the marriage between appellant and appellee and ordering
appellant to pay appellee child support for his three children. The support order states
the following: 
[Appellant] shall pay the sum of [f]orty-three ($43.00)
[d]ollars, per week, in advance, to the Office of the Friend
of the Court, as and for the support and maintenance of
each of the minor children until the children shall
respectively attain the age of eighteen (18) years or until
the further [o]rder of the Court. 
 
On December 21, 2001, appellee filed a supplemental motion for cumulative
judgment of child support arrears and petition for suspension of licenses for failure
to pay child support. On December 31, 2001, the trial court entered a cumulative
money judgment in the amount of $276,450.85 against appellant.
Ambiguous Decree 
          In his second point of error, appellant contends that the support order is
unenforceable because it is vague, ambiguous, and indefinite. Specifically, appellant
makes two arguments: the support order is ambiguous as to (1) the amount and (2)
when the payments were to commence. Because we conclude that the second issue
is dispositive, we address it first.
Ambiguous as to the Start Date
          Appellant contends that the support order is ambiguous because it does not
provide the date the payments are to begin. A child support order must be
“sufficiently definite and certain” to be enforceable by a money judgment. Office of
the Att’y Gen. v. Wilson, 24 S.W.3d 902, 905 (Tex. App.—Dallas 2000, no pet.)
(quoting Villanueva v. Office of the Att’y Gen., 935 S.W.2d 953, 955 (Tex.
App.—San Antonio 1996, writ denied); Gross v. Gross, 808 S.W.2d 215, 219 (Tex.
App.—Houston [14th Dist.] 1991, no writ). In Ex parte Payne, the relator argued that
a divorce decree that does not specify the date for the first payment is ambiguous and
as such is unenforceable. Ex parte Payne, 598 S.W.2d 312, 317 (Tex. Civ.
App.—Texarkana 1980, orig. proceedings). The Texarkana Court of Appeals held
that even if the decree is ambiguous, the judgment is enforceable by contempt. Id. 
          The Texas Supreme Court has held that a divorce decree that specifies the
month and day that an insurance obligation begins, but does not specify a year, is too
vague to enforce by contempt. Ex parte Acker, 949 S.W.2d 314, 316-17 (Tex. 1997). 
In that case, the divorce decree ordered the mother to pay the father $50 per month,
beginning June 1, for health insurance for the child, and in a separate provision,
ordered her to pay him $500 per month, beginning June 1, 1990, as child support. 
The decree was not signed until November of 1990. Id. at 317. The Court stated that
“while one may infer that the ‘June’ commencement date for the insurance payments
was intended to be June 1990, interpretation of the decree ‘should not rest upon
implication or conjecture.’” Id. The Court concluded that the trial court rendering
the decree could have intended to order one parent to bear the entire cost of insurance
for a period of time, with the other parent taking over the obligation in June of some
future year. Id. The Court distinguished the facts of Payne from the facts in Acker,
explaining that the Payne court rejected the relator’s argument because the relator had
made child support payments for four years before defaulting, while the relator in
Acker never made any of the payments. Id. 
          In this case, the relevant language of the support order is as follows:
[Appellant] shall pay the sum of [f]orty-three ($43.00)
[d]ollars, per week, in advance, to the Office of the Friend
of the Court, as and for the support and maintenance of
each of the minor children until the children shall
respectively attain the age of eighteen (18) years or until
the further [o]rder of the Court. 
 
It does not provide the day, month, or year that the first payment is due. Appellant
never made support payments during the period he was allegedly obligated to do so. 
Under these facts, we will not infer that the trial court intended the first payment to
be due immediately. See id. Accordingly, the support order was not sufficiently
definite and certain to be enforceable.
          We sustain appellant’s second point of error. Because this holding is
dispositive of the case, we decline to address appellant’s other points of error.
Conclusion
          We reverse and render judgment that appellee take nothing.
 
                                                             Adele Hedges
                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Keyes.