

**FILED**

Nov 08 2017, 10:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Bryant Edward Duty Sr.
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryant Edward Duty Sr.,<br><br>*Appellant,*<br><br>v.<br><br>The CIT Group/Consumer<br>Finance, Inc., Northwood<br>Investments, LLC,<br><br>*Appellees.* | November 8, 2017<br><br>Court of Appeals Case No.<br>71A04-1704-MF-920<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Hon. Jenny Pitts Manier, Judge<br><br>Trial Court Cause No.<br>71D05-0903-MF-206 |

**Bradford, Judge.**

# Case Summary

Appellant-Defendant Bryant Duty Sr. appeals from the trial court's denial of his motion for relief from judgment. The judgment in question was a foreclosure action decided in favor of U.S. Bank Trust National Association, as Trustee of American Homeowner Preservation Trust 2014A ("U.S. Bank"),[1] and involving Duty's South Bend house ("the House"). Duty had executed a promissory note ("the Note") and mortgage ("the Mortgage") (collectively, "the Loan Documents") in favor of Wilmington Finance upon purchase of the House. Duty contends that he is entitled to relief from judgment on the basis that the entity which pursued the foreclosure action in 2009 had no legal right to enforce the Loan Documents at the time. Because we conclude that Duty has no standing to challenge the assignment of the Loan Documents from assignor to assignee, we affirm.

# Facts and Procedural History[2]

On or about July 6, 2005, in connection with the purchase of the House, Duty executed the Loan Documents in favor of Wilmington Finance. On March 10,

---

[1] On September 25, 2017, this court granted U.S. Bank's motion to withdraw its appearance. (Order on U.S. Bank motion to withdraw appearance). Northwood Investments LLC, who was substituted as Appellee by order of this court on September 25, 2017, has declined to participate in this appeal.

[2] The record on appeal contains neither a conforming appendix nor a transcript, so we draw our facts and procedural history from Duty's Appellant's Brief and other assorted filings in this court. For purposes of our disposition, this is sufficient. We note that Duty has moved for this court to accept an allegedly cured appendix, a motion we deny today as moot.

2009, an action to foreclose the Mortgage was filed against Duty, apparently by CIT Group. On March 20, 2009, the Mortgage was apparently assigned to Mercury REO Investment Trust Series 2008-1. On July 1, 2009, a foreclosure judgment was entered in the case. Sale of the House to satisfy the judgment against Duty was apparently stayed several years by Duty's bankruptcy filing later in 2009.

[3]     At some point, Duty filed a motion for relief from judgment. By this time, U.S. Bank was apparently the holder of the Mortgage. On March 22, 2017, after a hearing, the trial court denied Duty's motion for relief from judgment and granted U.S. Bank's motion to proceed to sheriff's sale of the House. On August 24, 2017, Northwood Investments purchased the House at a sheriff's sale.

## Discussion and Decision

[4]     As an initial matter, no party has submitted a Brief of Appellee. As a result, "[i]nstead of imposing upon this court the burden of controverting arguments advanced for reversal, [we] have long applied a less stringent standard of review with respect to showings of reversible error when the appellee fails to file a brief." *Johnson Cty. Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind. Ct. App. 1985). Duty need only prove prima facie error to win reversal. *Id.* (citing *Ind. State Bd. Of Health v. Lakeland Disposal Serv., Inc.*, 461 N.E.2d 1145, 1145 n.1 (Ind. Ct. App. 1984)). "In this context, 'prima facie' means at

first sight, on first appearance, or on the face of it." *Id.* (quoting *Harrington v. Harrington*, 142 Ind. App. 87, 88, 233 N.E.2d 189, 191 (1968)).

[5]     Duty contends that the trial court abused its discretion in denying his motion for relief from judgment because CIT Group allegedly did not have the right to enforce the Loan Documents at the time the foreclosure action was filed in 2009. Duty contends that he is entitled to relief from judgment pursuant to Indiana Trial Rule 60(B)(8), which provides that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for … any reason justifying relief from the operation of the judgment[.]"

> When a Trial Rule 60(B)(8) motion is filed, the burden is on the movant to demonstrate that relief is both necessary and just. *Fairrow v. Fairrow* (1990), Ind., 559 N.E.2d 597. The decision of whether to grant or deny the motion is left to the equitable discretion of the trial court, and is reviewable only for abuse of discretion. *See Shotwell v. Cliff Hagan Ribeye Franchise* (1991), Ind., 572 N.E.2d 487. We will not reweigh the evidence in conducting this review. *Id.*

*Gipson v. Gipson*, 644 N.E.2d 876, 877 (Ind. 1994).

[6]     Duty's argument is apparently that a faulty assignment (or faulty assignments) of the Loan Documents at some point broke the "chain of assignments." Even if we assume that each and every assignment of the Loan Documents has been faulty, it would not help Duty. Although our research does not reveal that the question has been previously addressed in Indiana, courts have routinely found that a debtor may not challenge an assignment between an assignor and

assignee. *See, e.g.*, *Liu v. T&H Mack, Inc.*, 191 F.3d 790, 797 (7th Cir. 1999) (concluding that party to underlying contract lacks standing to "attack any problems with the reassignment" of that contract); *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010) ("Borrower certainly has an interest in avoiding foreclosure. But the validity of the assignments does not [a]ffect *whether* Borrower owes its obligations, but only to *whom* Borrower is obligated."); *In re Holden*, 2 N.E.2d 631, 633 (N.Y. 1936) ("The fact that the assignors might have a valid cause of action against the assignee because of fraud practiced upon them did not affect the legal title of the assignee, and could not be proved by a defendant in an action on the assignments."); RICHARD A. LORD, 29 WILLISTON ON CONTRACTS § 74:50 (4th Ed.) ("[T]he debtor has no legal defense [based on invalidity of the assignment] for it cannot be assumed that the assignee is desirous of avoiding the assignment.").

[7] As the United States Bankruptcy Court for the Eastern District of Pennsylvania has reasoned,

> [The underlying contract] is between [Debtor] and [Assignor].
> [Assignor's] assignment contract is between [Assignor] and
> [Assignee]. The two contracts are completely separate from one
> another. As a result of the assignment of the contract, [Debtor's]
> rights and duties under the [underlying] contract remain the
> same: The only change is *to whom* those duties are owed….
> [Debtor] was not a party to [the assignment], nor has a
> cognizable interest in it. Therefore, [Debtor] has no right to step
> into [Assignor's] shoes to raise [its] contract rights against

[Assignee]. [Debtor] has no more right than a complete stranger to raise [Assignor's] rights under the assignment contract.

*Ifert v. Miller*, 138 B.R. 159, 166 n.13 (E.D. Pa. 1992) (brackets in *Ifert*).

[8] We find the above authority to be persuasive and explicitly adopt the general proposition that a debtor does not have standing to challenge an allegedly invalid assignment of the right to collect the debt.[3] Regardless of any assignments of the Loan Documents, Duty's rights and duties remained the same. Any conflict regarding who actually possessed the right to enforce the Loan Documents is between the various claimants (if any) to that right and does not involve Duty. Because we conclude that Duty does not have standing to challenge any allegedly invalid assignments of the Loan Documents, he has failed to establish that he is entitled to relief from judgment.

[9] The judgment of the trial court is affirmed.

May, J., and Barnes, J., concur.

---

[3] A distinction has been drawn between assignments that are void (such as those made under duress) and those that are merely voidable. *See, e.g.*, *Ifert*, 138 B.R. at 166 ("Therefore, while the law permits the obligor to raise as a defense against the assignee the fact that the assignment contract between the assignor and the assignee was void, it does not permit the obligor to raise, as a defense, the claim that the assignment contract between the assignor and the assignee is voidable[.]"). Because Duty does not allege, much less establish, that any assignment of the Loan Documents was void, we leave this question for another day.