## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 05 2018, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Matthew E. Koch
Bunker Hill, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew E. Koch,<br>*Appellant-Petitioner,*<br><br>v.<br><br>The Vanderburgh County Treasurer,<br>*Appellee-Respondent* | April 5, 2018<br><br>Court of Appeals Case No.<br>17A-MI-3018<br><br>Appeal from the Vanderburgh Superior Court<br><br>The Honorable Leslie C. Shively, Judge<br><br>Trial Court Cause No.<br>82D01-1702-MI-608 |

**Altice, Judge.**

### Case Summary

[1] Matthew E. Koch, pro se, filed a petition against the Vanderburgh County Treasurer (the Treasurer) to compel access to public records. The parties filed

cross motions for summary judgment, and the trial court granted summary judgment in favor of the Treasurer.

[2] We affirm.

**Facts & Procedural History**

[3] Koch is serving a thirty-year prison sentence for committing robbery, kidnapping, and battery in 2008. His grandfather Norman W. Koch (Norman) passed away in 2005, and Koch expected to eventually inherit through a trust that would vest at the passing of Koch's grandmother Pauline A. Koch (Pauline). In March 2015, Koch learned that Pauline had died nearly five years earlier. Koch then immediately began investigating the disposition of his expected inheritance. He sought documents from, among others, the Vanderburgh County Clerk, the Vanderburgh County Recorder, the Vanderburgh County Assessor, and Old National Bank. Koch was unable to discover any valid trust instrument under which he was a beneficiary, and his aunt expressly wrote to him that his grandparents' estates were handled by will and that no trust was left for him. Yet Koch continued to believe that members of his family were concealing and withholding a trust account from him.

[4] On December 27, 2016, from the Miami Correctional Facility, Koch mailed an access to public records request to the Treasurer, seeking copies of any and all inheritance tax records relating to Norman that the Treasurer possessed. In his request, Koch noted that he was Norman's biological grandson and that he believed himself to be a defrauded beneficiary.

[5]     Candance Nance, a First Deputy Treasurer, received the records request on January 3, 2017, and responded by letter the following day with a denial of the request. In this letter to Koch, Nance first set out the law related to disclosure of inheritance tax information. She explained that Ind. Code § 6-4.1-12-12 forbade the disclosure of any information related to inheritance tax files except in limited instances set out in the statute. Nance noted two of the statutory exceptions in which disclosure is allowed – (1) to the attorney listed on the inheritance tax return and (2) to a devisee, an heir, a successor in interest, or a surviving joint tenant of the decedent for whom an inheritance tax return was filed or upon the receipt of a written request, to an agent or attorney of a devisee, an heir, a successor in interest, or a surviving joint tenant of the decedent. *See* I.C. § 6-4.1-12-12(a)(10), (11). After setting out the law, Nance stated in the letter:

> I have spoken with the Department of Inheritance and the Public Access Counselor, both advised me to quote you the law. Based on this information I cannot send you any record we maintain. The Department of Inheritance has also informed me that you have been in contact with them for the same information. I am to let all correspondence go through them.

*Appendix* at 16.

[6]     On January 20, 2017, Koch filed in the Vanderburgh Superior Court a petition to compel access to public records. In its answer, the Treasurer asserted a number of affirmative defenses, including that pursuant to I.C. § 6-4.1-12-12 the

requested records are confidential and may not be produced to Koch.  The parties eventually filed cross motions for summary judgment.

[7]     Included within the Treasurer's designated evidence was Nance's affidavit, dated July 10, 2017.  In her affidavit, Nance reiterated that the records requested by Koch are confidential and may not be produced to him.  Moreover, in paragraph 6, Nance averred that the Treasurer's Office does not have any documents in its possession relative to Norman's estate.

[8]     On August 8, 2017, the trial court held a telephonic hearing regarding the summary judgment motions.  Koch has not provided us with a transcript, but the CCS reveals that at the conclusion of the hearing, the trial court granted the Treasurer ten days to amend its answer.  The Treasurer filed an amended answer two days later, adding "Mistake" to the list of affirmative defenses.  *Appendix* at 25.  Koch responded with a motion to strike "materials concerning the affirmative defense of mistake from the record."  *Id*. at 27.  Koch argued that the affirmative defense was not pled with the specificity as required by Indiana Trial Rule 9(B)[1] and, therefore, should be stricken.  He also challenged Nance's affidavit to the extent that it indicated that none of the requested documents were in the possession of the Treasurer's Office.

---

[1] T.R. 9(B) provides in relevant part: "In all averments of fraud or mistake, the circumstances constituting fraud and mistake shall be specifically averred."

[9] The trial court held a telephonic hearing on October 26, 2017, for which we have not been provided with a transcript. On November 20, 2017, the trial court issued an order denying Koch's motion to strike and taking the summary judgment motions under advisement. Thereafter, on November 28, 2017, the trial court issued an order summarily granting summary judgment in favor of the Treasurer.

## Discussion & Decision

[10] We begin by observing that the Treasurer has not filed an appellee's brief. As a result, we will not undertake the burden of developing arguments on the Treasurer's behalf and will reverse if Koch establishes prima facie error. *See Duty v. CIT Group/Consumer Fin., Inc.*, 86 N.E.3d 214, 215 (Ind. Ct. App. 2017). Prima facie, in this context, means at first sight, on first appearance, or on the face of it. *Id.* This standard, however, "does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required." *Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015).

[11] On appeal, Koch argues that the trial court erred by denying his motion to strike the newly added affirmative defense of mistake.[2] Further, he argues that

---

[2] Koch also baldly asserts that paragraph 6 of Nance's affidavit must be stricken, but he provides no cogent argument in this regard. Indiana Trial Rule 56(E) provides in part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Paragraph 6 of the affidavit is clearly based on Nance's personal knowledge and addresses a matter with which she is competent to testify. Moreover, the fact to which Nance avers – that the Treasurer's Office does not possess the requested documents – is relevant and admissible evidence.

even if not stricken, Nance's original letter and her subsequent affidavit contradict each other and present a genuine issue of material fact regarding whether the Treasurer has possession of the requested documents.

[12] Whether the Treasurer properly amended the complaint to allege the defense of mistake is of no moment here. The designated evidence plainly establishes that the Treasurer does not possesses the documents sought by Koch. Indeed, Nance averred, "the Vanderburgh County Treasurer's Office does not have any documents in their possession relative to the Estate of Norman Koch." *Appendix* at 15. Contrary to Koch's assertion on appeal, the letter that Nance originally sent to him did not indicate that the Treasurer actually possessed the requested records. Rather, the letter simply advised Koch – a prolific filer in the county – of the general law regarding the confidentiality and disclosure of inheritance tax documents. Based on this law, Nance indicated that she could not send Koch "any record we maintain." *Id*. at 16.

[13] Because it is axiomatic that the Treasurer cannot produce records that it does not possess, the trial court properly granted summary judgment in favor of the Treasurer. *See, e.g., Quirk v. Delaware County*, 91 N.E.3d 1008, 1013 (Ind. Ct. App. 2018) (summary judgment is appropriate where the designated evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law).

[14] Judgment affirmed.

[15] Najam, J. and Robb, J., concur.