## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 12 2018, 6:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicholas J. Hursh
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samuel S. Longanbach, *Appellant-Petitioner,* | April 12, 2018 |
| | Court of Appeals Case No. 76A03-1709-JP-2176 |
| v. | Appeal from the Steuben Circuit Court |
| Odessa J. Pawloski, *Appellee-Respondent* | The Honorable Allen N. Wheat, Judge |
| | The Honorable Randy Coffey, Magistrate |
| | Trial Court Cause No. 76C01-1210-JP-398 |

**Altice, Judge.**

**Case Summary**

[1] Samuel Longanbach (Father) appeals from the trial court's denial of his petition for modification of parenting time with respect to Odessa Pawloski (Mother) and his son, E.W.L. (Child).

[2] We reverse and remand.

## Facts & Procedural History

[3] Child was born on August 24, 2012, and Father's paternity was established shortly thereafter. The parties entered into an agreement regarding custody, support, and parenting time (Agreed Order), which the trial court approved on December 31, 2012. Pursuant to the Agreed Order, the parties shared joint legal custody of Child and Mother had primary physical custody. With regard to parenting time, the Agreed Order provided in relevant part:

> 6. The parties agree that Father will be entitled to parent with [Child] as mutually agreed, and consistent with the current schedule: Wednesdays from appx. 5:15 p.m. to 9 p.m. and on Sundays from Noon to 6 p.m.
>
> 7. If at some point, this schedule needs to be modified, and the parties are unable to mutually agree upon a new schedule, the parties agree that Father is entitled to, at minimum, parenting time based on the Indiana Parenting Time Guidelines, consistent with the minor child's age.

*Appendix* at 12.

[4] The parties gradually expanded Father's parenting time as Child aged, with overnights beginning sometime after Child was one year old. By July 2015,

Father regularly exercised overnight parenting time based on an alternating schedule – Wednesday through Friday in one week and Tuesday through Wednesday and Friday through Sunday the next week. Thus, Father had five overnights with Child over each two-week period.

[5] In September 2016, Mother and Father discussed modifying the schedule due to Child starting preschool. They had multiple conversations but could not agree on a schedule. As a result, Mother unilaterally implemented a new schedule until they could agree on one together. This schedule reduced Father's regular parenting time and provided him with a weekly midweek overnight and alternating weekends. Thus, Father received slightly more parenting time than the minimum provided by the Indiana Parenting Time Guidelines (the Guidelines), with the Guidelines being the default under the Agreed Order.

[6] On September 16, 2016, Father filed a petition for modification of parenting time. He sought modification of the Agreed Order from 2012 and requested that the parties "share equally physical custody and parenting time". *Appendix* at 24. After mediation failed, the matter proceeded to a final evidentiary hearing on April 12, June 7, and July 5, 2017.

[7] Mother acknowledged that Father was a very good father but testified that she did not believe sharing equal physical custody was in Child's best interests at such a young age. She testified that she did not feel Child was emotionally mature enough to be away from her, his older sister, and his dogs that much. Mother detailed prior issues with Child being anxious about and protesting

going from Mother's care to Father's, and she noted that exchanges have improved since the most-recent change in parenting time. Mother testified that Child needed a "stable, consistent weekly schedule". *Transcript of April 12, 2017 Hearing* at 12.

[8] While Mother did not agree with Father's request for equal parenting time, she testified that Father should receive more time than he was currently receiving. Accordingly, she proposed a parenting time schedule that she believed would be in Child's best interests. This proposed schedule was in excess of the Guidelines and would provide Father with weekly midweek overnights on Wednesdays (Wednesday at 5:15 p.m. through 6:00 p.m. on Thursday) and alternating weekends (after school Friday through Monday morning).

[9] At the conclusion of the hearing, Mother's counsel asked the trial court to "modify parenting time consistent with mother's request, which does allow [Father] additional overnights above and beyond the Indiana Parenting Time Guidelines." *Transcript of July 5, 2017 Hearing* at 111. Counsel continued:

> Mother agrees that he's a good father. Mother acknowledges
> that time with father is appropriate. She's simply stressing to the
> Court that the child is too young to do week on, week off. He's
> not mature enough emotionally. He has a lot of changes in his
> life that would make it difficult for him to adjust.

*Id*. Despite Mother's agreement that it was in Child's best interests to modify parenting time and grant Father time in excess of the Guidelines, the trial court

issued an order on July 11, 2017, denying modification. After an unsuccessful motion to correct error, Father now appeals.

## Discussion & Decision

Mother has not filed an appellee's brief. As a result, we will not undertake the burden of developing arguments on her behalf and will reverse if Father establishes prima facie error. *See Duty v.* CIT *Group/Consumer Fin., Inc.*, 86 N.E.3d 214, 215 (Ind. Ct. App. 2017). Prima facie, in this context, means at first sight, on first appearance, or on the face of it. *Id*.

The evidence establishes that Child has two loving and involved parents, as well as supportive extended family. The parties have a history of co-parenting well together, and the instant disagreement is hopefully just a minor blip on the radar of an otherwise model co-parenting situation. At the hearing, both Mother and Father agreed that Child's best interests would be served by a modification of the existing parenting time order and that such modification should provide Father with time beyond the minimum set out in the Guidelines.[1] Nothing in the record establishes otherwise.

It appears that the trial court agreed with Mother that the modification sought by Father – equal parenting time – was not in Child's best interests. Father does not dispute that this was within the trial court's discretion. We agree with

---

[1] Ind. Code § 31-14-14-2 provides that a court may modify a parenting time order "whenever modification would serve the best interests of the child."

Father, however, that the trial court erred in its outright refusal to modify parenting time.[2] On remand, we direct the trial court to issue a modified parenting time order consistent with the schedule proposed by Mother at the hearing.

Judgment reversed and remanded.

Najam, J. and Robb, J., concur.

---

[2] Although we reverse based on the evidence, we note that the alternative argument presented by Father based on I.C. § 31-14-14-1(a) is without merit and represents a fundamental misunderstanding of the law in this regard.