## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2019, 7:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Preeti (Nita) Gupta
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Dustin R. DeNeal
Carl A. Greci
Louis T. Perry
Faegre Baker Daniels, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory Thomaston,
*Appellant-Defendant,*

v.

U.S. Bank National Association,
*Appellee-Plaintiff.*

June 24, 2019

Court of Appeals Case No.
18A-MF-2397

Appeal from the Marion Superior Court

The Honorable Burnett Caudill, Jr., Judge Pro Tem

Trial Court Cause No.
49D01-1607-MF-23685

**Mathias, Judge.**

[1] Gregory Thomaston ("Thomaston") appeals the Marion Superior Court's denial of his Motion to Set Aside Default Judgment. Concluding that the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

[2] U.S. Bank National Association ("U.S. Bank") filed a foreclosure complaint against Thomaston on June 23, 2016. On September 12, 2016, U.S. Bank filed a motion for default. Also on September 12, 2016, Thomaston signed a filing requesting a settlement conference. This request for a settlement conference was not filed until September 19, 2016. In the interim, on September 16, 2016, the trial court granted U.S. Bank's motion for default judgment. A docket entry from October 6, 2016, reads "[n]o action taken on the Request for Settlement Conference as default judgment has been entered. Either party may file a Motion to Set Aside the Judgment." Appellant's App. p. 4. Between this entry and January 15, 2018, U.S. Bank filed three praecipes for sheriff sales. No other action in the matter was taken during this time period.

[3] Over a year after default judgment was entered, on January 15, 2018, Thomaston filed a Motion to Set Aside the Default Judgment. U.S. Bank filed its response the very next day. After several continuances so the parties could engage in settlement negotiations, and a dispute over whether Thomaston could conduct discovery, a hearing on the motion to set aside the judgment was held on September 13, 2018. The trial court entered an order denying the motion on the same day. Thomaston now appeals.

# Discussion and Decision

[4] "The decision of whether to set aside a default judgment is committed to the sound discretion of the trial court." *Whitt v. Farmer's Mutual Relief Ass'n*, 815 N.E.2d 537, 539 (Ind. Ct. App. 2004) (citing *Tardy v. Chumrley*, 658 N.E.2d 959, 961 (Ind. Ct. App. 1995), *trans. denied*). Our review is limited to determining whether the trial court has abused its discretion. *Id.* "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *McElfresh v. State*, 51 N.E.3d 103, 107 (Ind. 2016). We do not reweigh the evidence. *Gipson v. Gipson*, 644 N.E.2d 876, 877 (Ind. 1994).

[5] Indiana Trial Rule 60(B)(8) allows for a judgment to be set aside "for any reason justifying relief from operation of the judgment[.]" Any claim filed pursuant to T.R. 60(B)(8) must be filed within a reasonable period of time after the judgment is entered. *Fairrow v. Fairrow*, 559 N.E.2d 597 (Ind. 1990). The determination of reasonableness, however, varies with the circumstances of each case. *Gipson*, 644 N.E.2d at 877. "Relevant to the question of timeliness is prejudice to the party opposing the motion and the basis for the moving party's delay." *Id.* A motion for relief from judgment filed pursuant to Ind. Trial Rule 60(B)(8) must also allege a meritorious defense. T.R. 60(B).

[6] Thomaston specifically argues that he had a meritorious defense, namely, that his request for a settlement conference was not honored. He also alleges the

motion to set aside default judgment was not filed earlier because the parties were engaging in settlement negotiations. U.S. Bank counters, among related arguments, that Thomaston did not file the motion for relief from judgment within a reasonable time and that Thomaston did not allege a meritorious claim or defense. Appellee's Br. at 7. We address each issue in turn.

## I. Meritorious Defense

[7] To establish a meritorious defense for the purposes of Trial Rule 60(B), the moving party must show that a different result would be reached if the case was decided on the merits. *Vanjani v. Federal Land Bank of Louisville*, 451 N.E.2d 667, 672 (Ind. Ct. App. 1983). The party seeking to set aside a default judgment must make a "prima facie showing of a good and meritorious defense." *Id.* at 671.

[8] On appeal, Thomaston argues that his request for settlement conference should have been granted pursuant to Indiana Code section 32-30-10.5-10. However, because he did not request the settlement conference within thirty days of service of the complaint, he cannot show that he was entitled to the requested settlement conference. Ind. Code § 32-30-10.5-9(a)(2)(A). Accordingly, Thomaston has not made a prima facie showing of a meritorious defense.

## II. Timeliness

[9] What constitutes a reasonable period of time, for the purposes of a motion to set aside judgment, is dependent upon the circumstances of the case, and the

burden is on the moving party to show that relief is both necessary and just. *In re Adoption of T.L.W.*, 835 N.E.2d 598, 601 (Ind. Ct. App. 2005).

[10] Here, the request for settlement conference was filed after the trial court had entered default judgment. The trial court, by CCS entry dated October 6, 2018, directed Appellant to the proper procedure for the request for a settlement conference to be heard at that time. Thomaston, however, did not take that action until approximately fifteen months later. Appellant, having provided no reason for the delay in the request to set aside the default judgment, has not shown that the request was filed in a timely manner.

## Conclusion

[11] Thomaston has not made a prima facie showing of a meritorious defense. Nor did he file his motion for relief from judgment within a reasonable time. Accordingly, we conclude that the trial court did not abuse its discretion in denying the motion for relief from judgment.

[12] Affirmed.

Vaidik, C.J., and Crone, J., concur.