Affirmed and Memorandum Opinion filed July 21, 2005









Affirmed and Memorandum Opinion filed July 21, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00650-CV

____________

 

JAMES
RAYMOND DAVIS, Appellant

 

V.

 

WENDY J.
MANGAN, Appellee

____________________________________________________________

 

On Appeal from the 245th District Court

Harris County, Texas

Trial Court Cause No. 92-53292

____________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, James Raymond Davis,
appeals the trial court=s order
requiring him to pay medical reimbursement as child support to appellee, Wendy
J. Mangan.  Davis raises six issues on
appeal complaining about sufficiency of the evidence, trial court evidentiary
rulings, and the enforceability of the underlying order.  We affirm. 

 








Factual
and Procedural Background[1]

James Davis and Wendy Mangan were
divorced in 1993.  They have two
children, S.D. and M.D.  This case stems
from a motion for enforcement of child support order and order to appear Mangan
filed against Davis seeking reimbursement for uninsured medical expenses she
paid on behalf of their children.

Davis generally denied the
allegations in Mangan=s motion
and specifically alleged the agreed order sought to be enforced was ambiguous
and unclear, Mangan=s claim
was barred by limitations, and Mangan had not satisfied conditions precedent to
filing suit. 

On January 15, 2004, the court
held a bench trial on Mangan=s
motion.  Mangan and Davis both testified
during the one-day hearing.  In addition,
the trial court heard testimony regarding attorney=s fees.

At the conclusion of the hearing,
the court ruled Davis owed Mangan one-half of S.D. and M.D.=s
uninsured medical expenses.  The court
found insurance covered $1,000.00 per child for their respective orthodontic
expenses and Davis owed Mangan uninsured medical expenses in the amount of
$1,130.00 for S.D. and $1,787.60 for M.D. 
The court=s final
judgment awards Mangan $2,917.60 in uninsured medical expenses and Mangan=s
attorney $2,000.00 in attorney=s fees,
both awards to be paid by Davis.  The
trial court issued the following findings of fact and conclusions of law:

Findings
of Fact

1.         [Mangan] and [Davis] were divorced on
May 8, 1998.

2.         At the time of the divorce, [Mangan]
and [Davis] were the parents of [two children, S.D. and M.D.,] under the age of
eighteen years . . . .








3.         The Court finds that on May 8, 1998,
[Davis] was ordered to pay 50% percent of uninsured medical costs . . . and
[the order] states in relevant part as follows: 
AIT IS FURTHER ORDERED,
ADJUDGED AND DECREED that commencing April 2, 1999, and for as long as child
support is payable under the terms of these Agreed Orders, and as additional
child support, JAMES RAYMOND DAVIS will be responsible for and timely pay 50%
percent of all health care expenses not paid by insurance that are incurred by
or on behalf of the parties= children, [S.D.] and
[M.D.], including, without limitation, the yearly deductible and medical,
prescription drug, psychiatric, psychological, dental, eye care,
ophthalmologic, corrective lens and frame charges and orthodontic charges,
which are not reimbursed by insurance.@

4.         That [Davis] was notified of uninsured
medical expenses incurred by [Mangan] in the amount of $1,130.00 on behalf of
[S.D.] and $1,787.60 on behalf of [M.D.], representing 50% of the total paid by
[Mangan].

5.         At the time [Davis] was notified of the
uninsured, [Davis] had the ability to pay.

6.         [Davis] violated the Court order of May
8, 1998 by refusing to pay his share of the uninsured medical expense.

7.         The total amount [Davis] was ordered to
pay, as his portion of uninsured medical for the children, was $2,917.60.

8.         [Mangan] is granted judgment in the
amount of $2,917.60 against [Davis].

9.         It was necessary for [Mangan] to hire
[an attorney] to enforce the court order.

10.       The sum of $2,000.00 is a reasonable and
necessary fee owed to [Mangan=s attorney] for legal [fees.]

12.       [Davis] is ordered to pay the sum of
$2,917.60 to [Mangan] through the Texas Child Support Disbursement Unit . . .
on or before February 27, 2004.

13.       [Mangan] is rendered a cumulative money
judgment in the amount of $2,917.60 for said proven arrears.

 








Conclusions of Law

Violation of Court Order

If a party is ordered to
pay child support and does not, Chapter 157 of the Texas Family Code gives the
Court the power to hold an enforcement proceeding.

If the Court finds that
the Respondent has failed to make child support payments, the Court shall order
the Respondent to pay the Movant=s reasonable attorney=s fees and all Court costs
in addition to the arrearages.  Texas
Family Code ' 157.161.

A child support payment
not timely made constitutes a final judgment for the amount due and owing,
including interest.  Texas Family Code ' 157.261.

If a motion for enforcement of child support
requests a money judgment for arrearages, the Court shall confirm the amount of
arrearages and render one cumulative money judgment.  Texas Family Code ' 157.263.

Discussion

I.          Evidentiary Rulings

In issues one and four, Davis
argues the trial court abused its discretion in admitting Petitioner=s (Mangan=s)
Exhibits 1 through 8 on the grounds the exhibits were hearsay, or based upon
hearsay, and not properly authenticated. 
The trial court overruled Davis=
objections to the eight exhibits. 

A.        Standard of Review








The admission and exclusion of
evidence is committed to the trial court=s sound
discretion.  City of Brownsville v.
Alvarado, 897 S.W.2d 750, 754 (Tex. 1995). 
To obtain reversal of a judgment based on error in the admission of
evidence, an appellant must show the trial court=s ruling
was erroneous and that the error was calculated to cause and probably did cause
Athe
rendition of an improper judgment.@  See Tex.
R. App. P. 44.1(a)(1); see also Owens-Corning Fiberglas Corp. v.
Malone, 972 S.W.2d 35, 43 (Tex. 1998). 
In making this determination, we review the entire record.  Alvarado, 897 S.W.2d at 754 (Tex.
1995).  Reversible error does not usually
occur in connection with rulings on questions of evidence, unless the appellant
can demonstrate the whole case turns on the particular evidence admitted or
excluded.  Id.; Service Lloyds
Ins. Co. v. Martin, 855 S.W.2d 816, 822 (Tex. App.CDallas
1993, no writ).

B.        The Exhibits

Exhibits 1 through 8 consist of
billing summaries, invoices, memos, and notes regarding medical care provided
to S.D. and M.D., and the charges and payments therefor.  The trial court overruled Davis= hearsay
and improper authentication objections and admitted the exhibits.

C.        Analysis

Even if the trial court erred in
admitting exhibits 1 through 8 over Davis=
objections, we hold such error was harmless in light of the entire record.  The November 2003 AMotion
for Enforcement of Child Support Order and Order to Appear@
specifically asserts that:

11.       [Davis=] total arrearage at the
time of filing is $1,137.50 for unpaid medical expenses on [S.D.] and [Davis=] total arrearage at the
time of filing is $1,767.00 for unpaid medical expenses for [M.D.] for a total
of $2,904.50.

At trial, on direct examination,
Mangan testified that the total amount of uninsured medical expenses owed by
Davis was $2,904.50.  The only objection
made by Davis to this direct testimony was that the testimony was not relevant.
The trial court overruled the objection, and Davis does not complain about
that ruling on appeal.

Further, Davis specifically
testified that if he had received timely notice of the uninsured medical
expenses that Mangan claimed were owed by him, he would have paid them.  








In light of the entire record, we
cannot conclude that the error, if any, in admitting the complained-about
exhibits was calculated to cause and probably did cause the rendition of an
improper judgment.  Accordingly, we
overrule issues one and four.

II.        Sufficiency of the Evidence

In issues two and three, Davis
challenges the legal and factual sufficiency of the evidence to support the
trial court=s findings of fact and
conclusions of law.  Specifically, Davis
argues the evidence supporting findings of fact numbers one, four, five, and
six, and the conclusions of law, is legally insufficient, and the evidence
supporting finding of fact number seven is legally and factually insufficient. 

A.        Standard of Review

Findings of fact in a bench trial
have the same force and dignity as a jury=s verdict
upon jury questions.  City of Clute v.
City of Lake Jackson, 559 S.W.2d 391, 395 (Tex. Civ. App.CHouston
[14th Dist.] 1977, writ ref=d
n.r.e.).  When challenged on appeal, the
findings are not conclusive if there is a complete reporter=s record,
as there is here.  In re K.R.P.,
80 S.W.3d 669, 673 (Tex. App.CHouston
[1st Dist.] 2002, pet. denied).  The
trial court is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Barrientos
v. Nava, 94 S.W.3d 270, 288 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  The trial
court=s
findings will not be disturbed if there is evidence of probative force to
support them.  Id.  








A trial court=s
findings are reviewable for legal and factual sufficiency of the evidence by
the same standards that are applied in reviewing evidence supporting a jury=s
answer.  Catalina v. Blasdel, 881
S.W.2d 295, 297 (Tex. 1994).  If an appellant
attacks the legal sufficiency of an adverse finding on an issue on which he did
not have the burden of proof, the appellant must demonstrate on appeal there is
no evidence to support the adverse finding. Price Pfister, Inc. v. Moore
& Kimmey, Inc., 48 S.W.3d 341, 347 (Tex. App.CHouston
[14th Dist.] 2001, pet. denied).  In
reviewing a Ano evidence@ point,
we consider all the evidence in the light most favorable to the trial court=s
finding, indulging every reasonable inference in favor of the prevailing party,
and disregard all evidence and inferences to the contrary.  Bradford v. Vento, 48 S.W.3d 749, 754
(Tex. 2001); Price Pfister, Inc., 48 S.W.3d at 347.  If more than a scintilla of evidence exists
to support the finding, the no evidence challenge fails.  Formosa Plastics Corp. USA v. Presidio Eng=rs &
Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998).   

When an appellant attacks the
factual sufficiency of an adverse finding on an issue on which he did not have
the burden of proof, the appellant must demonstrate the finding is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and
manifestly unjust.  Price Pfister,
Inc., 48 S.W.3d at 347.  In a factual
sufficiency challenge, all of the evidence in the record, both for and against
the finding, is reviewed.  Id.  

We review the trial court=s
conclusions of law de novo.  Smith v.
Smith, 22 S.W.3d 140, 143B44 (Tex.
App.CHouston
[14th Dist.] 2000, no pet.).  Under de novo
review, the reviewing court exercises its own judgment and redetermines each
legal issue.  Quick v. City of Austin,
7 S.W.3d 109, 116 (Tex. 1998).  We will
uphold conclusions of law on appeal if the judgment can be sustained on any
legal theory the evidence supports.  Waggoner
v. Morrow, 932 S.W.2d 627, 631 (Tex. App.CHouston
[14th Dist.] 1996, no writ).  Incorrect
conclusions of law do not require reversal if the controlling findings of fact
support the judgment under a correct legal theory.  Id.

Here, the trial court filed
findings of fact and conclusions of law in support of its judgment, and they
are set out at the beginning of this opinion. 
In addition, the record contains a reporter=s record
of the proceedings.








B.        Analysis

1.         Finding of Fact 1 (Date of Divorce)

It is uncontested that the
parties were divorced in 1993. 
Therefore, the trial court erred when it found that the parties were
divorced on May 8, 1998, which was actually the date the trial court had signed
the underlying AAgreed
Order Modifying Suit Affecting the Parent-Child Relationship.@ However,
because this erroneous finding is not a finding of material fact, it does not
constitute reversible error.

2.         Finding of Fact 4 (Notice of Davis= Share of Uninsured
Medical Expenses)  

Mangan testified that she sent
Davis notice of the cost of the total orthodontic treatment to be received by
each child and notice that the insurance would cover $1000.00 of the cost, per
child.  She also testified that she sent
Davis copies of the statements and invoices covering all the subject medical
treatment.  Davis testified he was aware
his children were receiving orthodontic and psychological treatments.  The evidence is legally sufficient to support
finding of fact four.

3.         Finding of Fact 5 (Davis= Ability
to Pay)

Davis testified that if he had
received the copies of the invoices from Mangan covering his children=s
uninsured medical expenses, he would have paid his share.  The evidence is legally sufficient to support
finding of fact five.

4.         Finding of Fact 6 (Davis= Refusal
to Pay)  

The record is clear that Davis
refused to pay any of the subject uninsured medical expenses.  The issues of notice and amount due have
already been covered in this opinion. 
The evidence is legally sufficient to support finding of fact six.








5.         Finding of Fact 7 (Total Amount Due
Under Order Regarding Uninsured Medical Expenses)

In addition to complaining about
the money amount (already addressed herein), Davis complains that Mangan did
not comply with the notice provisions of the underlying order.  There was conflicting evidence about whether
Davis had any insurance that would have also covered the subject medical
expenses, and the trial court could have reasonably concluded there was not
sufficient evidence to show there was any coverage carried by Davis.  On the other hand, the evidence was clear
that Mangan=s insurance covered $1000.00 of
the medical expenses for each child. 
Contrary to Davis=
argument, Mangan, as the party carrying the insurance policy, was not required
to submit invoices and other evidence of incurred medical expenses to Davis
within ten days of receiving them.  The
evidence is legally and factually sufficient to support finding of fact seven.

6.         Conclusions of Law (Applicability of
Chapter 157 of the Texas Family Code)

Contrary to Davis= claim,
Mangan=s motion
for enforcement of child support order specifically states the amount owed, as
required by Texas Family Code section 157.002(b).  Tex.
Fam. Code Ann. '
157.002(b)(1) (Vernon 2002).  Further,
the motion clearly identifies Davis as the Respondent, even though there is an
apparent typographical error in the motion in one spot where another person=s name is
mistakenly inserted.  Davis=
complaints have no merit.

We overrule issues two and three.

III.       Laches








In issue five, Davis argues the
trial court erred in granting judgment on the basis of laches.  Davis contends the affirmative defense of
laches was tried by consent, barring Mangan from obtaining reimbursement, based
on (1) his testimony at trial that he was not notified of the unreimbursed
medical expenses until he was served with citation on December 1, 2003, and (2)
the fact that the expenses for S.D. and M.D. were incurred between 1998 and
2002 and Mangan did not file suit until 2003. 
Davis claims Mangan=s delay
in requesting reimbursement led him to believe he owed nothing. 

Laches is an equitable remedy
that prevents a plaintiff from asserting a claim due to a lapse of time.  Bluebonnet Sav. Bank, F.S.B. v. Grayridge
Apartment Homes, Inc., 907 S.W.2d 904, 912 (Tex. App.CHouston
[1st Dist.] 1995, writ denied).  In order
to prevail on a claim of laches, a party must show (1) an unreasonable delay by
the other party in asserting a legal or equitable right; and (2) a good faith
change in position to his detriment by the party asserting laches due to the
delay.  Rogers v. Ricane Enter., Inc.,
772 S.W.2d 76, 80 (Tex. 1989); Willis v. Donnelly, 118 S.W.3d 10, 38B39 (Tex.
App.CHouston
[14th Dist.] 2003, pet. filed).  Extraordinary
circumstances, which would work a grave injustice, must exist before laches
bars a suit filed within the limitations period.  Caldwell v. Barnes, 975 S.W.2d 535,
538 (Tex. 1998); Donnelly, 118 S.W.3d at 38B39.  AThe
application of laches . . . is usually limited to cases arising out of equity
or actions at law that are essentially equitable in character.@  Wayne v. A.V.A. Vending, Inc., 52
S.W.3d 412, 415 (Tex. App.CCorpus
Christi 2001, pet. denied).








As already discussed, there was
evidence that Mangan sent Davis prior notice of the claim.  Further, Davis does not explain how he in
good faith detrimentally changed his position even if Mangan failed to seek
reimbursement sooner.  Davis also has not
shown extraordinary circumstances exist. 
Moreover, Texas Family Code section 157.005(b) provides that a trial
court Aretains
jurisdiction to confirm the total amount of child support arrearages and render
judgment for past‑due child support until the date all current child
support and medical support and child support arrearages, including interest
and any applicable fees and costs, have been paid.@  See Tex.
Fam. Code Ann. '
157.005(b) (Vernon 2002); see In re B.A.C., 144 S.W.3d 8, 13 (Tex. App.CWaco
2004, no pet.) (citing section 157.005(b) and stating A[t]here
is, in effect, no longer any statute of limitations on the confirmation of
child-support arrearages@). 

Based on the foregoing, we hold
the trial court did not err in concluding Davis= defense
of laches had no merit.  We overrule
issue five.

IV.       The Underlying Order

In issue six, Davis argues the
trial court erred in granting judgment because the terms of the underlying
order were not clear and specific enough to be enforced.  Davis asserts the order required him to pay
fifty percent of uninsured expenses but did not provide terms requiring Mangan
to forward receipts to him.  He contends
the order is Avoid@ as to
how or when he is to receive notice of receipts if Mangan was providing
insurance coverage for the children. 
Davis did not specifically ask the trial court for any finding of fact
or conclusion of law regarding whether the support order was ambiguous as to
the manner in which he is to receive notice of uninsured medical expenses.








A judgment must be sufficiently
definite and certain to permit its enforcement. 
Gross v. Gross, 808 S.W.2d 215, 218 (Tex. App.CHouston
[14th Dist.] 1991, no writ).  A trial
court may properly refuse to enter judgment on back child support payments
because of an ambiguous, indefinite, and uncertain order.  Id. 
ATo be enforceable by contempt,
a child support obligation must >set forth
the terms of compliance in clear, specific and unambiguous terms so that the
person charged with obeying the decree will readily know exactly what duties
and obligations are imposed upon him.=@  Office of the Attorney Gen. of Tex. v.
Wilson, 24 S.W.3d 902, 906 (Tex. App.CDallas
2000, no pet.) (quoting Ex parte Acker, 949 S.W.2d 314, 317 (Tex. 1997))
(emphasis added).  However, a party seeking
enforcement of a child support order Ais not
required to plead that the underlying order is enforceable by contempt to
obtain other appropriate enforcement remedies.@  Tex.
Fam. Code Ann. '
157.002(d).  An order which is too
uncertain to be enforceable by contempt may still be enforced by a money
judgment if it is sufficiently definite and certain.  Gross, 808 S.W.2d at 219.  An appellate court should determine what the
trial court adjudicated from a fair reading of all of the judgment=s
provisions.  Wilde v. Murchie, 949
S.W.2d 331, 333 (Tex. 1997) (ALike other
judgments, courts are to construe divorce decrees as a whole toward the end of
harmonizing and giving effect to all that is written.@).

The relevant portion of the
subject order is quoted at the beginning of this opinion as part of the trial
court=s finding
of fact number three.  It is clear and
unambiguous that Davis Awill be
responsible for and timely pay 50% of all health care expenses not paid by
insurance that are incurred by or on behalf of the parties=
children.@ 
Clearly, the order contemplates that the party providing the health care
services to the children, or the party paying for the uninsured health care
expenses, will notify Davis of the amount of the charges that are not covered
by insurance so that Davis can pay his portion.[2]  Thus, the order contains no ambiguity with
respect to the identity of the obligor and obligee or the amount of payment
which must be made.  We hold the order is
sufficiently definite and certain to permit its enforcement.

We overrule issue six.

Conclusion

We affirm the judgment of the
trial court.

 

 

/s/        Margaret Garner Mirabal

Senior
Justice

 

Judgment rendered and
Memorandum Opinion filed July 21, 2005.

 

Panel consists of Justices
Yates, Hudson, and Mirabal.[3]











[1]  Because there
is no appellee=s brief, the facts are undisputed.  See Tex.
R. App. P. 38.1(f) (AThe brief must state concisely and without argument
the facts pertinent to the issues or points presented.  In a civil case, the court will accept as
true the facts stated unless another party contradicts them.  The statement must be supported by record references.@). 





[2]  The judgment
from which Davis appeals is not a judgment for contempt, and, thus, the terms
of the underlying order are not subject to the heightened scrutiny required for
orders of contempt.





[3]  Senior Justice
Margaret Garner Mirabal sitting by assignment.