Walton Adolph **GROSS**, Appellant,

v.

Marilyn Elaine **GROSS**, Appellee.

No. A14–90–0388–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 4, 1991.

Charles J. Michael, Houston, for appellant.

Patsy Young, Houston, for appellee.

Before BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant brings this appeal from a judgment ordering payment of arrearages for child support and from an order requiring wage withholding. We affirm.

The following facts are taken from the trial court's findings of fact. On August 30, 1974, the 310th district court of Harris County entered a decree granting appellant and appellee a divorce. At that time, they had two children, an older daughter born on June 9, 1969, and a younger son born on May 21, 1974. The divorce decree named appellee managing conservator of the two minor children and named appellant possessory conservator. It also ordered appellant to pay child support as follows:

That Defendant, Walton Adolph Gross, pay to Plaintiff the sum of THREE HUNDRED AND NO/100 (300.00) DOLLARS per month for the support of said children, such payments are to be made on or before the first day of each month, commencing on or before September 1, 1974, and are to be paid through the Support Division of the Harris County Probation Department, Family Law Center Building, 1115 Congress Avenue, Houston, Harris County, Texas, which is hereby designated as the official depository of this Court for such purposes.

The divorce decree has never been modified. On June 9, 1987, the daughter became eighteen. From March 1987, through June 1987, the son lived with appellant who provided actual, direct support. On November 20, 1989, appellee filed a Motion For Contempt For Failure To Pay Child Support, For Withholding From Earnings, And To Confirm Judgment For Unpaid Child Support.

The trial court found that for the period from January 1, 1987, to January 8, 1990, appellant failed to pay child support in accordance with, and in the manner provided by, the divorce decree. During that three-year period, appellant was employed at Powel Industries, Inc. Appellant earned a gross income of $55,642.54 in 1987, $63,344.60 in 1988, and more than $73,359.83 in 1989. The court also found that from January 1, 1987, through January 8, 1990, appellant made direct payments of child support to appellee in the amount of $4500.00. It further found that on April 1, 1989, appellant made a direct payment to appellee in the amount of $1500.00, one-half of which the trial court credited to child support payments due. The court also allowed appellant a credit of $600.00 representing an offset of $150.00 per month for the four months that appellant provided actual, direct support for the son.

After allowing a credit for direct payments and an offset for actual, direct support, the trial court found that appellant failed to pay a total of $5250.00 in child support that became due during the period from January 1, 1987, through January 8, 1990. Specifically, the court determined that $11,100.00 was the total amount due

for that period and that $5850.00 was the total amount of appellant's credits and offsets.

On January 8, 1990, the trial court heard appellee's motion for contempt. On January 12, 1990, the court denied appellee's motion. On that same date, the trial court signed a Judgment And Order For Wage Withholding. That judgment and order required appellant to pay $5250.00 in arrearages for child support and required appellant to pay $1000.00 in attorney's fees and court costs. On January 12, 1990, the trial court also signed an Order Clarifying Prior Order. That order required appellant to pay continuing child support for the son in the amount of $300.00 a month until the son was eighteen, or until he graduated from high school.

On January 22, 1990, appellant filed a motion for new trial. The court heard appellant's motion on February 12, 1990. The next day, the trial court signed an order denying appellant's motion for new trial. That order also granted appellee an additional $750.00 in attorney's fees and another $1000.00 and $500.00 in attorney's fees conditioned on an appeal to an appellate court and the Supreme Court, respectively.

In his first point of error, appellant contends the trial court erred in granting a judgment for child support arrearages because that judgment is based on a prior support order that became vague, ambiguous, indefinite, and uncertain when the older child attained the age of eighteen.

■ A judgment must be sufficiently definite and certain to permit its enforcement by contempt or summary process. *Richey v. Bolerjack*, 594 S.W.2d 795, 798 (Tex.App.—Tyler 1980, no writ) (citing *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967)). *See also Marichal v. Marichal*, 768 S.W.2d 383, 384 (Tex.App.—Houston [14th Dist.] 1989, writ denied) (opin. on reh'g). A trial court may properly refuse to enter judgment on back child support payments because of an ambiguous, indefinite, and uncertain order. *Templet v. Templet*, 728 S.W.2d 844, 847 (Tex.App.—Beaumont 1987, no writ).

The divorce decree was entered on August 30, 1974, after a trial before the court. It did not supply terms for payment of support when the daughter reached eighteen. Section 14.05 of the Family Code provides that the court may order periodic payments for the support of the child until he or she is 18 years of age. TEX.FAM.CODE ANN. § 14.05(a) (Vernon Supp.1991). It also provides that "the court of continuing jurisdiction may render an original support order, modify an existing order, or render a new order extending child support past the child's 18th birthday, whether the request for such an order is filed before or after the 18th birthday of the child, if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma." *Id.* The court may order support for an indefinite period if the child is mentally or physically disabled. TEX.FAM. CODE ANN. §§ 14.05(b), 14.051. This Court has held that a court of continuing jurisdiction has no authority under section 14.05 to order or to enforce support, for a non-disabled child over eighteen. *Lambourn v. Lambourn*, 787 S.W.2d 431, 432 (Tex.App. —Houston [14th Dist.] 1990, writ denied) (citing *Elfeldt v. Elfeldt*, 730 S.W.2d 657, 658 (Tex.1987).).

In its conclusions of law, the trial court determined that the divorce decree as it related to payment of child support became too vague and ambiguous when the daughter reached eighteen and, therefore, was unenforceable by contempt. The trial court also determined, however, that the divorce decree did not become too vague and ambiguous when the daughter reached eighteen for purposes of enforcement by a money judgment. Appellant contends these findings are contrary to established precedent. Appellant argues that a judgment that is too uncertain to be enforceable by contempt, is also too uncertain to be enforceable by a money judgment. *Howard v. Texas Dep't of Human Resources*, 677 S.W.2d 667, 668 (Tex.App.—Dallas 1984, no writ). The Family Code now provides otherwise.

The trial court entered conclusions of law that the money judgment and the order for

withholding earnings were appropriate remedies pursuant to sections 14.311 and 14.33. These provisions are part of Subchapter B of the Family Code that provides for the enforcement of court orders for child support and child custody. Section 14.311 of the Family Code states the required contents of a motion to enforce a final order, judgment, or decree affecting child support and child custody. TEX.FAM. CODE ANN. § 14.311(b) (Vernon Supp.1991). It provides that a party seeking enforcement of a child support order "is not required to plead or prove that the underlying order is enforceable by contempt to obtain other appropriate enforcement remedies." *Id.*

■ Appropriate remedies to enforce child support orders include contempt, rendition of a money judgment, posting bond or security for payment, and an order or writ for wage withholding. TEX.FAM.CODE ANN. §§ 14.40–14.45 (Vernon Supp.1991). A party seeking enforcement of a final court order under subchapter B may join these remedies in the same proceeding. TEX.FAM.CODE ANN § 14.313 (Vernon Supp.). "A finding that an obligor is not in contempt does not preclude any other enforcement properly pled for, including rendition of a money judgment, posting of a bond or other security, or withholding income from earnings." TEX.FAM.CODE ANN. § 14.33(d) (Vernon Supp.). Sections 14.-311(b) and 14.33(d) were in effect at the time appellee filed her November 20th motion for contempt. Acts 1987, 70th Leg., 2nd C.S., ch. 73, § 7, 1987 TEX.GEN.LAWS 225, 229 (effective November 1, 1987); Acts 1989, 71st Leg., 1st C.S., ch. 25, § 18, 1989 TEX.GEN.LAWS. 74, 82 (effective November 1, 1989). Hence, while the prior support order is too uncertain to be enforceable by contempt, it still may be enforceable by a money judgment if it is sufficiently definite and certain.

■ Appellant contends that when his daughter reached eighteen, the obligations imposed on him under the divorce decree became ambiguous, indefinite, and uncertain as a matter of law. *Ex parte Slavin,* 412 S.W.2d 43, 44 (Tex.1967); *Martin v. Adair,* 601 S.W.2d 543, 546 (Tex.App.—Beaumont 1980, no writ); *Richey v. Bolerjack,* 594 S.W.2d 795, 798 (Tex.App.—Tyler 1980, no writ). He argues that it was unclear to him whether he was obligated to support his daughter after she reached eighteen, or whether the support payments were to continue unreduced for the minor son, or whether the support payments were to be proportionately reduced. *See* 594 S.W.2d at 798.

■ If appellant wished a reduction of child support when his eldest child reached majority, or if as he contends, his obligation had become uncertain, the burden was upon him to move for a revision of the order in question. *Jones v. Ignal,* 798 S.W.2d 898, 903 (Tex.App.—Austin 1990, writ denied).[1] Where divorced parents have more than one child, the obligor parent's duty to pay child support in the amount mandated by the order or decree does not terminate when one of the children reaches majority, unless the order so provides. *Id.* As earlier stated, the trial court found that the divorce decree has never been modified. Since appellant never moved to modify the prior support order, he cannot now complain that the order is too uncertain to be enforceable by a money judgment. TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon Supp.1991). We overrule appellant's first point of error.

In his second and third points of error, appellant attacks the legal and factual sufficiency of the trial court's findings of fact and conclusions of law relating to the judgment for arrearages.

■ In a nonjury case the trial court's findings of fact and conclusions of law have the same force and dignity as does a jury verdict on special issues. *Buzbee v. Castlewood Civic Club,* 737 S.W.2d 366, 368 (Tex.App.—Houston [14th Dist.] 1987, no writ). Findings of fact are reviewable

---

1. Prior to November 1, 1987, appellant was required to bring his motion to modify *before* his eldest child's eighteenth birthday. Acts 1987 70th Leg., 2nd C.S. ch. 73, § 4, 1987 TEX.GEN. LAWS 225, 226 (effective November 1, 1987).

for legal and factual sufficiency of the evidence supporting them by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Id.* Conclusions of law are reviewable when attacked as a matter of law, but not on grounds of factual sufficiency. *Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (citing *First Nat'l bank in Dallas v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.App.—Tyler 1979, writ ref'd n.r.e.).

■ We first address appellant's attack on the sufficiency of the evidence with regard to the trial court's findings of fact. When both legal and factual sufficiency points are raised, we must first examine the legal sufficiency of the evidence. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981). In reviewing the record for legal sufficiency, we are to consider only the evidence and inferences that tend to support the court's findings and disregard evidence and inferences to the contrary. *King v. Bauer,* 688 S.W.2d 845, 846 (Tex.1985) (citing *Glover,* 619 S.W.2d at 401). If there is any evidence of probative value to support the findings, we must uphold the court's findings and overrule the point of error. *Sherman v. First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex.1988); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ The substance of the findings of fact by the trial court are stated above and do not require repeating. At the motion for contempt hearing, appellee testified that appellant owed $11,100.00 in back child support, less $4500.00 for the direct payments made to her. She also testified that the $1500.00 payment from appellant was a gift to the son for the purchase of a new car. Appellee introduced into evidence the records from the Harris County Child Support Office showing that appellant failed to pay $10,500.00 in child support from January 1, 1987, through November 1, 1989.

Appellant admitted in his testimony that he did not pay child support in 1987, and through most of 1988. Appellant stated that he paid $300.00 a month directly to appellee for child support from October 1988, through January 1990. There was conflicting testimony by the parties about whether the prior support order required a reduction in the amount of payments when the daughter reached eighteen. Appellee testified that the divorce decree required appellant to pay $300.00 a month in child support until the youngest child reached eighteen. Appellant testified that the divorce decree required him to pay $150.00 a month in child support for each child and that his obligation was reduced when the daughter reached eighteen. He stated that he paid $300.00 a month after the daughter's eighteenth birthday because of his prior failure to make payments and his desire to help his son. We conclude that the findings of the trial court are adequately supported by evidence of probative value.

■ Given that the findings of the trial court are supported by legally sufficient evidence, we must now weigh and consider all the evidence, both in support of, and contrary to, those challenged findings. *Pool v. Ford Motor,* 715 S.W.2d 629, 635 (Tex.1986). The trial court's findings must be upheld unless they are so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous. *Herbert v. Herbert,* 754 S.W.2d 141, 142 (Tex.1988); *Pool,* 715 S.W.2d at 635. We may not substitute our opinion for that of the trier of fact merely because we might have reached a different conclusion. *Herbert,* 754 S.W.2d at 144. The court as trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Rego v. Brannon,* 682 S.W.2d 677, 680 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Upon further review of the record, we hold that the trial court's findings are not so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous.

■ With regard to the trial court's conclusions of law, we must sustain those findings if there is any evidence of probative value to support them. *In re King's*

*Estate,* 244 S.W.2d at 661. The trial court entered twenty-five conclusions of law. The substance of those findings is that the relief granted by the trial court was authorized by provisions of the Family Code and supported by the pleadings and evidence presented at the hearing held on January 8, 1990. A review of the record reveals there is probative evidence to support the trial court's findings. We overrule appellant's second and third points of error.

■■■ In his fourth point of error, appellant contends the trial court erred in granting an order for wage withholding because of the failure to prove compliance with the requirements of TEX.FAM.CODE ANN § 14.43(a)(2). That section provides:

(a) Duty of Court to Order Income Withholding. Except for good cause shown, or on agreement of the parties, or as provided in Subsection (b), the court shall enter an order that provides that income be withheld from the disposable earnings of the obligor:

(2) on motion to require income withholding regarding a child support order entered before the effective date of this subchapter; provided that at the time the motion is filed the obligor is shown to have been in arrears for a time period of at least 30 days for some portion of the amount due and in arrears for an amount equal to or greater than that due for a one-month period.

TEX.FAM.CODE ANN. § 14.43(a)(2) (Vernon Supp.1991).

Appellant contends there is no evidence the requirements of the statute were met. Appellant argues that since the prior support order became unenforceable on June 7, 1987, when his daughter reached eighteen, he was not in arrears for child support at the time appellee filed her motion for income withholding. Appellant states that he paid at least $4500.00 in child support although he owed only $1800.00 for the period from January 1, 1987, through June 7, 1987. In other words, appellant contends he was not responsible for payment of child support after June 7, 1987.

As earlier noted, appellant's obligation to pay child support did not terminate when one of his children reached majority and it was his burden to seek a modification of that order to reduce the amount of his payment or to clarify his obligation. *Jones,* 798 S.W.2d at 903. Furthermore, the trial court entered conclusions of law stating that the requirements of section 14.43(a)(2) were met and that its wage withholding order was supported by the pleadings and by sufficient evidence. Those findings will be sustained if there is any probative evidence to support them. *In re King's Estate,* 244 S.W.2d at 661. At the motion for contempt hearing, appellee testified that she did not receive a payment for child support for October 1989, and that appellant was more than thirty days behind in his payments when she filed her motion for contempt on November 20, 1989. Also, the records from Harris County Child Support Office showed that appellant failed to pay $10,500 in child support from January 1, 1987, through November 1, 1989. We find sufficient probative evidence to support the trial court's findings. We overrule appellant's fourth point of error.

In his fifth and sixth points of error, appellant attacks the legal and factual sufficiency of the trial court's findings of fact and conclusions of law relating to the order for withholding. As our previous discussion reflects, there is ample evidence to support the court's findings. We overrule appellant's fifth and sixth points of error.

■■■ In his seventh point of error, appellant contends the trial court abused its discretion in awarding attorney's fees and court costs in both the hearing on the motion for contempt and the hearing on the motion for new trial. Appellant argues that courts do not have unlimited discretion under section 11.18 of the Family Code to award attorney's fees and costs. *Marichal,* 768 S.W.2d at 385. He further argues that only a successful party can recover attorney's fees and costs, absent good cause. TEX.R.CIV.P. 131, 141. Initially, we note that not only is appellant not a successful party, but the provisions of the Family Code with respect to attorney's fees and costs were intended to supplant the Rules of Civil Procedure.

■ Section 11.18(a) provides that in an enforcement proceeding, the court may tax reasonable attorney's fees as costs, payable directly to the attorney and enforceable in the attorney's name. TEX.FAM. CODE ANN. § 11.18(a) (Vernon 1986). A claim for attorney's fees pursuant to this section is a request for affirmative relief that must be supported by the pleadings. *Page v. Page*, 780 S.W.2d 1, 3 (Tex.App.— Fort Worth 1989, no writ) (citing *Wolters v. White*, 659 S.W.2d 885, 888 (Tex.App.—San Antonio 1983, writ dism'd).). In addition, section 14.33(c) of the Family Code states:

> (c) Obligor to Pay Attorney's Fees and Costs; Exception. If the court finds that an obligor has failed or refused to make child support payments that were past due and owing at the time of the filing of the enforcement proceeding, the court *shall* order the obligor to pay the movant's reasonable attorney's fees and all court costs in addition to any other amounts past due, unless the court makes a specific finding that the attorney's fees and costs need not be paid by the obligor and states the reasons supporting that finding (Emphasis supplied). TEX.FAM.CODE ANN. § 14.33(c) (Vernon Supp.1991).

This provision only allows attorney's fees in enforcement suits from previous court orders. *Page*, 780 S.W.2d at 3. In her November 20th motion, appellee requested an award for attorney's fees and costs. She also requested that attorney's fees be assessed against appellant as costs. Counsel for appellee testified at the January 8th hearing that she charged $150.00 per hour and spent a total of six hours and fifty-five minutes on appellee's case. She testified that her fee was reasonable and necessary. The trial court entered conclusions of law that appellee's attorney was entitled to judgment for $1000.00 in attorney's fees and to all costs of court. In the order denying appellant's motion for new trial, the court rendered judgment in favor of appellee's attorney for an additional $750.00 in attorney's fees. Although the additional assessment by the trial court was irregular, the court's award was not an abuse of discretion under section 11.-18(a).

Furthermore, the trial court found that appellant as obligor failed to make child support payments that were past due and owing at the time appellee filed her November 20th motion. Absent a specific finding that appellant need not pay attorney's fees and court costs, the trial court was required under section 14.33(c) to impose such fees and costs, provided they were reasonable. We hold that they were. We overrule appellant's seventh point of error and affirm the judgment of the trial court.