

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00475-CV

**IN THE INTEREST OF H.G.S.** and S.L.S., Children

From the 325th District Court, Tarrant County, Texas
Trial Court No. 325-387020-05
The Honorable Judith G. Wells, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  October 31, 2013

REVERSED AND RENDERED

Appellant Renee M., the mother of H.G.S. and S.L.S., appeals the trial court's summary judgment in favor of Appellee Ralph S.[1]  On appeal, Renee challenges the court's judgment that the child support order did not support a money judgment and violated the requirement that a judgment be sufficiently definite and certain.  Because Appellee's actions controlled the amount owed in child support, we reverse the trial court's judgment.

### BACKGROUND

Renee M. and Ralph S. are the parents of H.G.S. and S.L.S.  On August 13, 2004, the trial court signed a Nunc Pro Tunc Agreed Final Decree of Divorce incorporating the parties' mediated

---

[1] To protect the identity of the minor children, we refer to the children by their initials and the parents by their first names.  *See* TEX. FAM. CODE ANN. § 109.002 (d) (West Supp. 2013); TEX. R. APP. P. 9.8.

settlement agreements dated May 21, 2004, and May 24, 2004. Ralph was ordered to pay Renee child support of $600.00 per month for two children or $480.00 per month for one child. With regard to the children's school, the Decree provided

> It is agreed that as long as Father pays for the tuition and extended care, the children shall attend school at Children's University or Trinity Valley School (Father's option). In the event the Father does not choose (or is unable) to enroll the children in one of the above schools, then the children may attend a private school that is mutually agreed by the parties. In that event, each parent shall be responsible for 50% of all other expenses in regard to attending school including, but not limited to, uniforms, books, fees, extracurricular, expense, etc.

> In the event that the Father does not pay for tuition or chooses not to enroll the children in private school, then child support shall increase to $1,500.00 (for two children) or $1,200.00 (for one child) beginning on the first day of the month following the non-payment of tuition. Also, in that event, then Mother shall have the right to choose the school in which the children attend. If the mother unilaterally chooses to enroll the children in private school (regardless of the school) when the father is paying the higher amount of child support ($1500 or $1200) then she will be responsible for 100% of the tuition and additional costs associated therewith.

On July 27, 2006, the trial court entered an Enforcement and Clarification Order. With regard to Ralph's child support obligation, the court found as follows:

> . . . that the language on page 13 of the Nunc Pro Tunc Agreed Final Decree of Divorce entered on August 13, 2004 is unclear and should be clarified and modified to provide as follows in the second full paragraph under heading of "Children's School": "In the event that the children are not enrolled in private school during the regular school term as a result of Father's failure to enroll them, work out a payment plan with school or by his choice or mutual agreement of parties not to enroll children in private school mutually agreed to/Children's Univ. [sic] then child support shall increase to $1500.00 (for two children) or $1200.00 (for one child) per month, beginning on the 1st day of the 1st month following the date that the children are not enrolled in private school as set forth above (i.e. Children's University/Trinity Valley/mutually agreed private school). Also in that event, then Mother shall have the right to choose the school the children attend.

The trial court also found Ralph in arrears in the amount of $14,074.86, but the punishment was suspended with a payment schedule outlined by the order. Renee filed subsequent motions to revoke the suspension and enforce the arrearage.

In March of 2012, the parties filed competing motions for partial summary judgment regarding child support. Renee contended the divorce decree and subsequent Clarification Order constituted a final judgment for the amount in arrears. Ralph, on the other hand, argued the Clarification Order was contingent upon the occurrence of a number of uncertain events and was, therefore, invalid, void, and unenforceable. The trial court held the July 27, 2006 Clarification Order

> violates the general rule that judgments must not be conditional or contingent, was not sufficiently definite and certain to define and protect the rights of all parties, or did not provide a definite means of ascertaining such rights, to the end that ministerial officers of the Court can carry the judgment to execution without ascertainment of facts not therein stated, and that the clarification order is therefore not enforceable, invalid, and void.

In doing so, the trial court denied Renee's motion for summary judgment and granted Ralph's motion for summary judgment. Because the judgment disposed of all parties and all claims, it is final. Renee perfected this appeal.

## STANDARD OF REVIEW

An appellate court reviews a trial court's grant of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "When both sides move for summary judgment, as they did here, and the trial court grants one motion and denies the other, reviewing courts consider both sides' summary-judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered." *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *accord Dorsett*, 164 S.W.3d at 661. To be entitled to a traditional summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003).

**CHILD SUPPORT JUDGMENTS**

The sole issue before this court is whether the child support order was sufficiently definite and certain to support a money judgment. A judgment awarding child support "must be sufficiently definite and certain to permit its enforcement." *Gross v. Gross*, 808 S.W.2d 215, 218 (Tex. App.—Houston [14th Dist.] 1991, no writ); *accord In re C.S.*, No. 04-06-00681-CV, 2007 WL 4180128, at *4 (Tex. App.—San Antonio Nov. 28, 2007, no pet.) (mem. op.). "A trial court may properly refuse to enter judgment on back child support payments because of an ambiguous, indefinite, and uncertain order." *Office of the Att'y Gen. of Tex. v. Wilson*, 24 S.W.3d 902, 906 (Tex. App.—Dallas 2000, no pet.); *Gross*, 808 S.W.2d at 218. "To be enforceable by contempt, a child support obligation must 'set forth the terms of compliance in clear, specific and unambiguous terms so that the person charged with obeying the decree will readily know exactly what duties and obligations are imposed upon him.'" *Wilson*, 24 S.W.3d at 906 (quoting *Ex parte Acker*, 949 S.W.2d 314, 317 (Tex. 1997)); *see also Smith v. Rabago*, 672 S.W.2d 38, 40 (Tex. App.—Houston [14th Dist.] 1984, no writ) ("[A] divorce decree must delineate the terms of compliance . . . in clear, specific and unambiguous terms so that the parties will readily know exactly what duties are imposed on them.").

In *Hale v. Hale*, No. 04-05-00314-CV, 2006 WL 166518 (Tex. App.—San Antonio Jan. 25, 2006, pet. denied) (mem. op.), this court was presented with a similar issue. In that case the trial court ordered a father to pay child support in accordance with the statutory guidelines. *Id.* at *3. However, the court also ordered the father to pay an additional amount of child support in the event the mother and child were evicted from the family home, which was owned by the father's parents. *Id.* On appeal, the father argued the trial court abused its discretion in entering this contingent portion of the final decree. *Id.* Relying on the law requiring judgments to be definite

and certain, we decided the portion of the decree at issue was not sufficiently definite because the father had no way of knowing if he would be required to pay the extra child support. *Id.* at \*4.

Here, Ralph contends the Clarification Order is analogous to *Hale* because he has no way of ascertaining what amount he will be required to pay in child support. We disagree.

The Clarification Order turns on whether Ralph pays for the children's tuition at Children's University or Trinity Valley. If Ralph pays the tuition, the children are to attend the school and child support in the amount of $600.00 is due (for two children) or $480.00 (for one child). If Ralph does not pay the tuition or the parties "mutually agree" not to enroll the children in private school, Ralph's obligation is $1,500.00 (for two children) or $1,200.00 (for one child). The contingency is completely within Ralph's control. *Contra Hale*, 2006 WL 166518, at \*4 (deciding the order was indefinite because father had no way of knowing or controlling the amount he would be required to pay).

Ralph's tuition payment to Children's University or Trinity Valley, or failure to pay such, is an ascertainable event that will trigger a change in child support. *See In re D.S.*, 76 S.W.3d 512, 519 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Any future event triggering the increase is within Ralph's control and discretion. Thus, this decree is not based on uncertain events or an anticipated ability to pay. *Cf. Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985) (per curiam); *In re J.M.*, 585 S.W.2d 854, 856–57 (Tex. Civ. App.—San Antonio 1979, no writ).

Ralph also argues the Clarification Order's inclusion of "for two children" or "for one child" is unclear regarding whether the term refers to a statutory guideline or the number of children in or out of private school. On its face, however, the Clarification Order only modifies "page 13 of the Nunc Pro Tunc Agreed Final Order." When the Decree is read in its entirety, it shows the child support is based on statutory guidelines as set forth on pages 10–11 of the Decree. *See Gainous v. Gainous*, 219 S.W.3d 97, 120 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)

("It is well established that, when construing a divorce decree, we read the decree as a whole."); *Wilde v. Murchie*, 949 S.W.2d 331, 333 (Tex. 1997) ("Like [construing] other judgments, courts are to construe divorce decrees as a whole toward the end of harmonizing and giving effect to all that is written.").

Because the Clarification Order is readily understandable and definite, both the order and child support obligation are enforceable. The trial court erred in holding otherwise.

## CONCLUSION

We conclude that the Clarification Order specifically and unambiguously states the terms of Ralph's child support obligations; Ralph could readily know exactly what duties and obligations were imposed upon him. *See Wilson*, 24 S.W.3d at 906; *Gross*, 808 S.W.2d at 219. Accordingly, we reverse the trial court's judgment in favor of Ralph, and we render judgment in favor of Renee.

Patricia O. Alvarez, Justice