

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00069-CV

IN THE INTEREST OF B.T., JR.
AND S.T., MINOR CHILDREN

----------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 177,250-B

----------

## MEMORANDUM OPINION[1]

----------

R.D. (Mother) appeals the trial court's $35,788 child-support arrearage judgment. We affirm.

### Background Facts

Mother and B.T. (Father) divorced in Arkansas on June 20, 2007. Father received custody of their two children (B.T., Jr. and S.T.), and Mother was ordered to pay child support. Specifically, the divorce decree ordered Mother to "continue to pay child support in the sum of $127.00 per week in accordance with

---

[1]*See* Tex. R. App. P. 47.4.

the Temporary Order entered on March 20, 2007, pending further orders of this Court." The March 20, 2007 temporary order required Mother to pay $127 per week in child support "commencing Friday, March 16, 2007."

In 2011, Father moved to Wichita Falls with the children. Mother registered the Arkansas divorce decree in Texas in July 2012. Jurisdiction subsequently transferred for all matters involving the parties or children from the original Arkansas court to the Texas trial court. Father filed a motion to confirm child support arrearage and for enforcement in September 2012 and a first supplemental motion in September 2013.

After a hearing on Father's first supplemental motion,[2] the trial court found that Mother's total arrearage amounted to $35,788 after a $5,600 set-off and found her in contempt. Mother then filed this appeal.

**Discussion**

In Mother's only issue, she challenges the decree as being incapable of supporting an arrearage judgment for child support. Specifically, she claims that the decree is ambiguous and not sufficiently definite because it did not state a payment start date.

Arrearage judgments are enforceable as long as the child support obligation is "sufficiently definite and certain." *Office of Attorney Gen. v. Wilson*, 24 S.W.3d 902, 905 (Tex. App.—Dallas 2000, no pet.) (quoting *Gross v. Gross*,

---

[2]Mother disputed that she had been properly served with the original motion. Father agreed to proceed solely on the supplemental motion.

808 S.W.2d 215, 218 (Tex. App.—Houston [14th Dist.] 1991, no writ)). To be enforceable by contempt, a child support obligation must "set forth the terms of compliance in clear, specific[,] and unambiguous terms so that the person charged with obeying the decree will readily know exactly what duties and obligations are imposed upon him." *Id.* at 906 (quoting *Ex parte Acker*, 949 S.W.2d 314, 317 (Tex. 1997)). In reviewing a child support order for clarity or ambiguity, we view the divorce decree "'as a whole' and apply basic common sense." *Id.* (quoting *Ex parte Johns*, 807 S.W.2d 768, 774 (Tex. App.—Dallas 1991, orig. proceeding)).

In this case, the final divorce decree ordered Mother to "continue to pay child support . . . in accordance with the Temporary Order." The temporary order provided a start day for child support payments as "commencing Friday, March 16, 2007." The final divorce decree, by expressly incorporating the temporary order, explicitly details Mother's child support payment obligations, including the start date. *See id.* (holding that divorce decree that incorporated previous modification order detailing payment obligations was enforceable by contempt or money judgment).

Mother's comparison of the present decree to that in *Acker* is unpersuasive. In *Acker*, the divorce decree stated only that payment obligations were to begin on "June 1" without specifying a year. 949 S.W.2d at 317. Here, the temporary order provided the day, month, and year upon which payments were to begin. Reading the divorce decree in this case, Mother should have

3

readily known what duties and obligations were imposed upon her.  We therefore overrule Mother's sole issue.

## Conclusion

Having overruled Mother's sole issue, we affirm the trial court's judgment.


/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DAUPHINOT, J., concurs without opinion.

DELIVERED:  March 26, 2015

4