Opinion issued December 16, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00055-CV

———————————

**JOSE E. PERLERA, Appellant**

**V.**

**PATRICIA HERNANDEZ NAJERA, Appellee**

---

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-52297**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's order for child support and medical support arrearages. In two issues, appellant Jose Perlera contends that the trial court abused its discretion in granting cumulative judgments for child support

arrearages and medical support arrearages in favor of appellee Patricia Hernandez Najera.[1]

We affirm.

## Background

Perlera and Najera were divorced in May 2014. They have two sons, J.P.P. and J.A.P.[2] At the time of trial, J.P.P. was twenty-one years old, and J.A.P was twenty years old.[3]

Under the terms of the final divorce decree, Najera was appointed the sole managing conservator of J.P.P. and J.A.P. The divorce decree states, in pertinent part:

> IT IS ORDERED that **JOSE E. PERLERA** shall pay to **PATRICIA HERNANDEZ PERLERA** child support of $3,250.00 per month, payable in two equal installment payments per month of $1,625.00, with the first installment payment of $1,625.00 being due and payable on May 1, 2014, and the second installment payment of $1,625.00 being due and payable on May 15, 2014, and with a like installment payment of $1,625.00 being due and payable on the 1st and 15th of each month thereafter until further order modifying this child support.
>
> . . . .

---

[1] The Office of the Texas Attorney General ("OAG") declined to file a brief in this appeal.

[2] Perlera and Najera have a daughter who is not a subject of this appeal.

[3] The final divorce decree refers to the then-minor children as J.P.P. and J.A.P. For ease of reference, we will also refer to them by their initials.

The parties agree, and the Court therefore finds, that J.A.P., a child of this marriage, requires substantial care and personal supervision at this time, because of a mental or physical disability and at this time will not be capable of self-support, that payments for the support of this child should be continued after the child's eighteenth birthday for an indefinite period, and that both parents have a duty to support the child.

. . . .

In accordance with Texas Family Code section 154.130, the Court makes the following findings and conclusions regarding the child support rendered in this case . . . :

1.    The application of the guidelines would be unjust or inappropriate in this case;

2.    The net resources of JOSE E. PERLERA per month are $8,640.00;

3.    The net resources of PATRICIA HERNANDEZ PERLERA per month are $0;

4.    The percentage applied to JOSE E. PERLERA's net resources for child support is 38% percent; and

5.    The specific reasons that the amount of child support ordered by the Court varies from the amount computed by applying the percentage guidelines of Section 154.125 or 154.129 of the Texas Family Code, as applicable, are:

J.A.P. is a minor disabled child at this time with proven needs exceeding guideline child support, and the Obligee is not working at this time.

. . . .

Pursuant to Section 154.182(b-1) of the Texas Family Code **JOSE E. PERLERA** is ordered to pay **PATRICIA HERNANDEZ PERLERA**, as additional child support, cash medical support of

3

$90.00 per month, which equals one-half (1/2) of the insurance premiums with the first payment of $90.00 being due and payable on May 1, 2014, and with a like payment of $90.00 being due and payable on or before the 1st day of each month until there is a change in the actual cost of the health insurance for the children.

In September 2023, Najera filed a motion for enforcement of child support order, alleging that Perlera had violated the divorce decree by failing to pay Najera the monthly obligation of $3,250.00 in child support and $90.00 in medical support. Najera requested confirmation of the total child support and medical support arrearages owed by Perlera and that Perlera be held in contempt for his violations of the divorce decree. Najera attached as exhibits to her motion the divorce decree and a financial activity report from the Child Support Division of the OAG reflecting the total arrears to date.

Perlera answered, generally denying the allegations in Najera's enforcement motion and asserting, among other things, that the divorce decree was incapable of enforcement and required modification to be valid under the Texas Family Code, and that he lacked the ability, both past and present, to provide the court-ordered support.

Perlera also filed a motion to specially except and/or dismiss Najera's motion for enforcement of child support and medical support. He asserted that the motion for enforcement was not specific because it did not identify the provisions of the divorce decree he allegedly violated or how he failed to comply with them.

According to Perlera, the decree was not capable of enforcement because (1) it was ambiguous and not sufficiently clear and specific in its terms and (2) it did not include a stepdown provision for child support for more than one child as required under the Texas Family Code.

The trial court held a hearing on Najera's enforcement motion and Perlera's motion to specially except and/or motion to dismiss Najera's motion. The court took judicial notice of the underlying divorce decree signed by the trial court on May 19, 2014.

At the hearing, Najera testified that Perlera had paid his court-ordered monthly child support in full through April 2022, but he did not make any payment in May, June, or July of that year. Najera testified that Perlera began paying $700.00 a month in August 2022. The OAG's financial activity report, a copy of which was admitted into evidence, showed that Perlera had failed to pay a total of $51,231.10 in child support and $1,771.20 in medical support between May 2022 and the date of trial. Najera requested that the court confirm the child support and medical support arrearages and order Perlera to pay them according to a schedule to be determined by the court.

Najera testified that J.P.P. turned eighteen years old on March 31, 2020, and he graduated from high school in May 2020. She testified that J.A.P. received Medicaid and that he began receiving it through his own disability when he turned

5

eighteen years old in October 2022. Najera testified that there were certain medications and therapies that J.A.P. needed that are not covered by Medicaid.

Perlera testified that he was ordered by the court to pay $3,250.00 per month in child support to Najera, due and payable in two installments of $1,625.00 on the 1st and 15th of each month beginning on May 1, 2014. He was also ordered to pay $90.00 per month in medical support to Najera beginning on May 1, 2014. Perlera admitted that he failed to make any payment for child support or medical support to Najera from May 2022 through July 2022 and, since August 2022, he had only been paying Najera $700.00 a month in child support. Perlera testified that he worked part-time as a supervisor for his wife's company, Quality Homes and Services, LLC, and he earned between $2,600.00 and $2,800.00 per month. Perlera testified that he was seeking modification of the trial court's original child support order.

The trial court entered an order on confirmation of arrearages on December 18, 2023. The court found that the child support and medical support obligations in the final decree of divorce were unenforceable by contempt, but it denied Perlera's motion to dismiss Najera's motion for enforcement. It further found that Perera was in arrears in the amount of $51,231.10 for child support and $1,771.20 for medical support, and it granted cumulative judgments in favor of Najera for those amounts. The court ordered Perlera to pay the child support judgment by

6

making monthly payments of $300.00 and the medical support judgment by making monthly payments of $90.00, beginning on January 1, 2024, until the judgments were paid in full. The order stated that Perlera's payment of these cumulative judgments was in addition to, and not in lieu of, his regular child support and medical support payments due and payable under the divorce decree.

## Judgment for Child Support Arrears

In two issues, Perlera contends that the trial court erred in granting cumulative judgments in Najera's favor for child support arrearages of $51,231.10 and medical support arrearages of $1,771.20. He asserts that the final divorce decree was too ambiguous, indefinite, or uncertain to confirm arrearages, and the evidence was factually insufficient to support the trial court's judgment.

### A. Standard of Review

We review a trial court's ruling confirming child support arrearages for an abuse of discretion. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *In re Roisman*, 651 S.W.3d 419, 440 (Tex. App.—Houston [1st Dist.] 2022, no pet.). A trial court abuses its discretion when it rules without reference to guiding rules and principles or when its decision is unreasonable or arbitrary. *Transcor Astra Grp. S.A. v. Petrobras Am., Inc.*, 650 S.W.3d 462, 482 (Tex. 2022).

In family law cases, legal and factual sufficiency challenges do not constitute independent grounds for asserting error but are relevant factors in

determining whether the trial court abused its discretion. *Reddick v. Reddick*, 450 S.W.3d 182, 187 (Tex. App.—Houston [1st Dist.] 2014, no pet.). To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient to support the trial court's decision, we consider whether the trial court (1) had sufficient evidence on which to exercise its discretion and (2) erred in its application of that discretion. *Id.* We conduct the applicable sufficiency review when considering the first prong of the test. *Id.* We then determine whether, based on the evidence, the trial court made a reasonable decision. *Id.* For legal sufficiency, we review all the evidence in a light favorable to the finding, crediting favorable evidence if a reasonable factfinder could do so and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). For factual sufficiency, we consider all the evidence for and against the challenged finding and set the finding aside "only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Banakar v. Krause*, 674 S.W.3d 564, 573 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

**B.    Applicable Law**

"[A]n arrearage in the child-support context occurs when an obligor has not satisfied his obligation." *Ochsner v. Ochsner*, 517 S.W.3d 717, 720 (Tex. 2016). Section 157.263 of the Texas Family Code provides for confirmation of the amount of child support and medical support arrearages when a party moves to enforce the payment of child support:

> (a) If a motion requests a money judgment for child support [or] medical support . . . arrearages, the court shall confirm the amount of arrearages and render cumulative money judgments . . . .

> (b) A cumulative money judgment for the amount of child support owed includes:

>> (1) unpaid child support not previously confirmed;

>> (2) the balance owed on previously confirmed arrearages or lump sum or retroactive child support judgments;

>> (3) interest on the child support arrearages; and

>> (4) a statement that it is a cumulative judgment for the amount of child support owed.

> (b-1) A cumulative money judgment for the amount of medical support owed includes:

>> (1) unpaid medical support not previously confirmed;

>> (2) the balance owed on previously confirmed medical support arrearages or lump sum or retroactive medical support judgments;

>> (3) interest on the medical support arrearages; and

9

(4) a statement that it is a cumulative judgment for the amount
of medical support owed.

TEX. FAM. CODE ANN. § 157.263.

Subsection (b-3) provides: "In rendering a money judgment under this title that includes child support [or] medical support . . . arrearages, the court may not reduce or modify the amount of arrearages but, in confirming the amount of arrearages, may allow a counterclaim or offset as provided by this title." *Id.* § 157.263(b-3). As the Texas Supreme Court has noted, "[t]he plain language of this provision means that a trial court in an enforcement action cannot alter the amount deemed payable in the original child-support order." *Ochsner*, 517 S.W.3d at 723. "[A] trial court instructed to 'confirm the amount of arrearages' is to determine the quantity of the child-support obligation that the obligor has failed to meet." *Id.* at 721 (emphasis omitted). The arrearage calculation simply calculates the difference between the payments made by the obligor and the payments required under the child support order. *Haden v. Granmayeh*, No. 01-19-01013-CV, 2020 WL 7391708, at *3 (Tex. App.—Houston [1st Dist.] Dec. 17, 2020, no pet.) (mem. op.) (noting arrearages is "an arithmetic procedure: What the obligor owes less what the obligor has paid") (quotation omitted). Although the trial court has discretion to determine child support arrearages, its "discretion is very limited" because the "calculations must be based on the payment evidence presented," not the trial court's assessment of what is fair or reasonable. *Id.* at *3

10

(quoting *Chenault v. Banks*, 296 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2009, no pet.)). The trial court "acts as a mere scrivener in mechanically tallying up the amount of arrearage." *White v. White*, No. 01-12-00192-CV, 2013 WL 1183293, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (mem. op.) (internal quotations omitted).

## C. Child Support

In his first issue, Perlera asserts that the trial court abused its discretion in granting a cumulative judgment of $51,231.10 in child support arrearages to Najera because the divorce decree is ambiguous, indefinite, and uncertain in that it sets his child support obligation at an amount that exceeds the statutory guidelines and without identifying which portion of the amount was for each child. He complains that the child support order also failed to include a partial termination of support provision as required under Texas Family Code section 154.127.

Texas Family Code section 154.125 sets out the child support guidelines that courts apply when rendering a child support order. *See* TEX. FAM. CODE ANN. § 154.125. These statutory guidelines are presumed to be in the best interest of the child, but that presumption is rebuttable, and the trial court "may determine that the application of the guidelines would be unjust or inappropriate under the circumstances." *Id.* § 154.122. If it does so, and the evidence rebuts the presumption that applying the guidelines is in the best interest of the child, the trial

11

court may order payments in an amount other than that established by the guidelines. *Id.* § 154.123(a). If the court deviates from the statutory guidelines, then the law requires the trial court to state its reasons for making such findings. *Id.* § 154.130(b)(4).[4]

Here, the final divorce decree states:

*Statement on Guidelines*

---

4    Texas Family Code section 154.130 provides:

> (a) . . . [I]n rendering an order of child support, the court shall make the findings required by Subsection (b) if:
>
> . . . .
>
> (3) the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable.
>
> . . . .
>
> (b) If findings are required by this section, the court shall state whether the application of the guidelines would be unjust or inappropriate and shall state the following in the child support order:
>
> "(1) the net resources of the obligor per month are $ _____;
>
> "(2) the net resources of the obligee per month are $ _____;
>
> "(3) the percentage applied to the obligor's net resources for child support is ___%; and
>
> "(4) if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable."
>
> (c) Findings under Subsection (b)(2) are required only if evidence of the monthly net resources of the obligee has been offered.

TEX. FAM. CODE ANN. § 154.130.

In accordance with Texas Family Code section 154.130, the Court makes the following findings and conclusions regarding the child support order rendered in this case on April 28, 2014, because a party has filed a written request with the Court not later than 10 days after April 28, 2014, or the amount of child support ordered by the Court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129 of the Texas Family Code, as applicable:

1.  The application of the guidelines would be unjust or inappropriate in this case;

2.  The net resources of JOSE E. PERLERA per month are $8,640.00;

3.  The net resources of PATRICIA HERNANDEZ PERLERA per month are $0;

4.  The percentage applied to JOSE E. PERLERA's net resources for child support is 38% percent; and

5.  The specific reasons that the amount of child support ordered by the Court varies from the amount computed by applying the percentage guidelines of Section 154.125 or 154.129 of the Texas Family Code, as applicable, are:

J.A.P. is a minor disabled child at this time with proven needs exceeding guideline child support, and the Obligee is not working at this time.

The trial court made the requisite findings under Texas Family section 154.130(b) and provided its reasons for deviating from the guidelines, finding that "J.A.P. is a minor disabled child at this time with proven needs exceeding guideline child support, and the Obligee is not working at this time." Perlera's complaint that the child support arrearages cannot be confirmed because his child

13

support obligation under the final divorce decree exceeded the statutory guidelines is unavailing.

Perlera asserts that the final divorce decree is ambiguous, indefinite, and uncertain because it does not include a partial termination of support provision as required under Texas Family Code section 154.127.[5]

"Where divorced parents have more than one child, the obligor parent's duty to pay child support in the amount mandated by the order or decree does not terminate when one of the children reaches majority, unless the order so provides." *Gross v. Gross*, 808 S.W.2d 215, 219 (Tex. App.—Houston [14th Dist.] 1991, no writ). If one or both parents decide that a child support order should be modified, they may file suit to modify the order. *See* TEX. FAM. CODE ANN. § 156.002(a).

---

[5] Texas Family Code section 154.127 provides:

> (a) A child support order for more than one child shall provide that, on the termination of support for a child, the level of support for the remaining child or children is in accordance with the child support guidelines.

> (b) A child support order is in compliance with the requirement imposed by Subsection (a) if the order contains a provision that specifies:

>> (1) the events, including a child reaching the age of 18 years or otherwise having the disabilities of minority removed, that have the effect of terminating the obligor's obligation to pay child support for that child; and

>> (2) the reduced total amount that the obligor is required to pay each month after the occurrence of an event described by Subdivision (1).

*Id.* § 154.127.

14

Here, the divorce decree states that Perlera's child support obligation to pay Najera $3,250.00 per month remains in effect "until further order modifying this child support." At the hearing on Najera's enforcement motion, Perlera testified that he was currently seeking a modification of the child support order.[6] *See Gross*, 808 S.W.2d at 219 (concluding where trial court found divorce decree had never been modified, and appellant had never moved to modify prior support order, he could not be heard to complain that order was too uncertain to be enforceable by money judgment).

The evidence presented at the hearing supports the trial court's confirmation of child support arrearages. Najera testified that Perlera initially paid his court-ordered monthly child support in full through April 2022, but he failed to make any payment in May, June, and July 2022. Najera testified that, beginning in August until the date of trial, Perlera had been paying a total of $700.00 per month. The OAG's financial activity report showed that Perlera had failed to pay a total of $51,231.10 in child support and $1,771.20 in medical support at the time of trial. When asked whether she was requesting that the court confirm the child support

---

[6]     On the second day of the hearing, Najera's counsel informed the trial court that his client had been served with a motion for modification that same morning. The motion for modification was not set or decided before the trial court ruled upon the enforcement motion.

15

and medical support arrearages and order Perlera to pay them, Najera replied, "Yes."

Perlera testified that he was ordered by the court to pay $3,250.00 per month in child support to Najera, due and payable in two installments of $1,625.00 on the 1st and 15th of each month beginning on May 1, 2014. He was also ordered to pay $90.00 per month in medical support to Najera beginning on May 1, 2014. Perlera admitted that from May through July 2022, he failed to make any payment for child support or medical support to Najera. He further admitted that, since August 2022, he had only been paying Najera $700.00 a month in child support.

Based on this evidence, there is no factual dispute that Perlera was in arrears at the time the trial court entered its order confirming arrearages. The trial court had sufficient evidence on which to exercise its discretion. *See Reddick*, 450 S.W.3d at 187. We hold that the trial court did not abuse its discretion by confirming that Perlera owed Najera $51,231.10 in child support arrearages.

We overrule Perlera's first issue.[7]

---

[7] We decline to address Perlera's additional argument that the divorce decree was ambiguous, indefinite, and uncertain because it does not distinguish what portion of the court-ordered child support was for each child as Perlera has not supported this argument with appropriate citations to authority. *See* TEX. R. APP. P. 38.1(i).

16

**D.     Medical Support**

In his second issue, Perlera asserts that the trial court abused its discretion in granting a cumulative judgment for medical support in the amount of $1,771.20 in favor of Najera.

Texas Family Code section 154.183 provides:

(a) An amount that an obligor is ordered to pay as medical support or dental support for the child under this chapter, including the costs of health insurance coverage or cash medical support under Section 154.182 and the costs of dental insurance under Section 154.1825:

   (1) is in addition to the amount that the obligor is required to pay for child support under the guidelines for child support;

   (2) is a child support obligation; and

   (3) may be enforced by any means available for the enforcement of child support, including withholding from earnings under Chapter 158.

TEX. FAM. CODE ANN. § 154.183.  Under section 154.302, "[t]he court may order either or both parents to provide for the support of a child for an indefinite period and may determine the rights and duties of the parents if the court finds that: (1) the child, whether institutionalized or not, requires substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support; and (2) the disability exists, or the cause of the disability is known to exist, on or before the 18th birthday of the child." *Id.* § 154.302.

The final divorce decree states:

Health insurance is available or is in effect for the children through **PATRICIA HERNANDEZ PERLERA'S** employment or membership in a union, trade association, or other organization at a reasonable cost of $180.00 per month.

. . . .

Pursuant to Section 154.182(b-1) of the Texas Family Code **JOSE E. PERLERA** is ORDERED to pay **PATRICIA HERNANDEZ PERLERA**, as additional child support, cash medical support of $90.00 per month, which equals one-half (1/2) of the insurance premiums with the first payment of $90.00 being due and payable on May 1, 2014, and with a like payment of $90.00 being due and payable on or before the 1st day of each month until there is a change in the actual cost of the health insurance for the children. Beginning on the first day (1st) of the month following each change in the actual cost of health insurance for the children, **JOSE E. PERLERA** is ORDERED to pay to **PATRICIA HERNANDEZ PERLERA** one-half (1/2) of the actual cost of health insurance for the children, as additional child support, with the first payment of the changed amount being due and payable on the first (1st) day of the first month after the change becomes effective, and with a like payment of the changed amount being due and payable the first (1st) day of each month thereafter until there is another change in the actual cost of the health insurance for the children.

In support of his contention that his obligation to pay medical support terminated, Perlera points to the language in the divorce decree ordering him to pay "a like payment of $90.00 being due and payable on or before the 1st day of each month until there is a change in the actual cost of the health insurance for the children." Perlera points to Najera's testimony at the hearing that the actual cost of the health insurance had changed "for years," and the value had gone up and down. He argues that this evidence established a change in the actual cost of health

18

insurance for the children, and the trial court abused its discretion in awarding the medical support arrearages.

Although the trial court can award certain offsets and credits, it has no discretion to forgive or decrease a past child support obligation. *See George v. Jeppeson*, 238 S.W.3d 463, 472 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Thus, in a proceeding to confirm child support arrearages, the trial court's child support calculations must be based on the payment evidence presented, not the trial court's assessment of what is fair or reasonable. *See Ochsner*, 517 S.W.3d at 731; *In re A.L.S.*, 338 S.W.3d 59, 66 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

When Najera moved for enforcement, the court conducted an "arithmetic procedure" to determine Perlera's arrearages. *See Buzbee*, 870 S.W.2d at 340. Najera provided testimony supporting that the lowest she ever paid for health insurance was $487.00 per month, but that she was asking for only $90.00 per month from Perlera for the total amount of medical support accrued between May 1, 2014 and November 15, 2023. Based on the evidence, including that Perlera had made various payments totaling $8,640.00 in medical support during this period, the trial court had sufficient evidence before it on which to exercise its discretion and award $1,771.20. *See Reddick*, 450 S.W.3d at 187. We hold that

the trial court did not abuse its discretion by confirming that Perlera owed Najera $1,771.20 in medical support arrearages.

We overrule Perlera's second issue.

## Conclusion

We affirm the order of the trial court.

Kristin Guiney
Justice

Panel consists of Justices Guerra, Guiney, and Johnson.